WILLIAM J. HILL, DAVID M. PORTER, AND WILLIAM F. WALKER, *v.*
THE UNITED STATES ET AL.

Where the United States, as indorsees of a promissory note, recovered judgment
against the·makers thereof, who thereupon filed a bill upon the equity side of the
court, and obtained an injunction to stay proceedings, this injunction was improvi-
dently allowed.

The United States were made directly parties defendants; process was prayed im-
mediately against them, and they were called upon to answer the several allega-
tions in the bill.

This course of proceeding falls within the principle that the government is not liable
to be sued, except by its own consent, given by law.

The bill must therefore be dismissed.

THIS case came up from the Circuit Court of the United
States for the Southern District of Mississippi, upon a certificate
of division in opinion between the judges thereof.

It was a bill filed on the equity side of the court, by Hill
and the other complainants, against the United States, the
Mississippi and Alabama Railroad Company, William M. Gwin,
and William H. Shelton, to enjoin a judgment obtained
against the complainants by the United States.

The circumstances were these.

In 1835, the receiver of public moneys for the Choctaw dis-
trict in the State of Mississippi was found to be in debt to the
government.

On the 26th of September, 1835, the Solicitor of the Treas-
ury issued a distress warrant, under the act of May, 1820, for
the purpose of collecting the debt, and inclosed it to William
M. Gwin, then Marshal of the United States for the State of
Mississippi.

The history of the transaction between 1835 and 1839 need
not be stated.

In 1839, the marshal, by direction of the Solicitor and Sec-
retary of the Treasury, received from the representative of the
debtor (who was then dead) the sum of $30,000 in the notes
of the Mississippi and Alabama Railroad Company, as collat-
eral security for the debt, for the collection of which he had a
distress warrant.    The Railroad Company, in order to avoid a
suit upon its notes, transferred to the District Attorney up-
wards of $78,000 of bills receivable of the bank.    Amongst
these bills receivable was a promissory note for four thousand
dollars, dated on the 12th of April, 1838, payable six months
after date to the Mississippi and Alabama Railroad Company,
negotiable and payable at their banking-house in Brandon, and
signed by William J. Hill, J. S. Rowland, D. M. Porter, and
W. F. Walker.    The note was joint and several; Hill was the
principal, and the others sureties.

On the 15th of June, 1839, the District Attorney brought suit upon the note, in the name of the United States, against all the parties, and at November term obtained judgment.

In January, 1840, a *fi. fa.* was issued, and in May, 1840, Hill, Porter, and Walker filed a bill on the equity side of the court against the United States, the Mississippi and Alabama Railroad Company, William M. Gwin, and William H. Shelton, setting up certain equities, which need not be here particularly stated, and praying for an injunction, which was granted.

All the parties answered, the District Attorney answering on behalf of the United States.

In May, 1846, the cause was set down for hearing upon the bill, answers, and exhibits.

In November, 1846, the following proceedings took place.

The United States, by attorney, made the following motion, to wit: —

"Motion by R. M. Gaines, U. S. Attorney, to dissolve the injunction and dismiss the bill, as to the United States, for want of jurisdiction as to them, and also on the merits.

"R. M. GAINES, *U. S. Att'y.*

"And afterwards, to wit, at the May term, A. D. 1847, of said court, to wit, on the 20th day of May, in the year of our Lord 1847, this cause came on to be heard before the Honorable Peter V. Daniel and Samuel J. Gholson, upon the motion of the United States of America to dismiss this suit as to them, and dissolve the injunction, for want of jurisdiction, and was argued by counsel. And the court having taken time to consider, and not being able to agree in opinion what decree should be made in the cause on said motion, one of the judges being of opinion that the said motion should be sustained, and the said bill dismissed and injunction dissolved, and the other being of opinion that the said motion should be overruled, it is therefore ordered, at the request of the counsel for both complainants and defendants, that said difference of opinion be certified to the Supreme Court of the United States for their decision, whether the said motion should be sustained or overruled.

"P. V. DANIEL.
S. J. GHOLSON."

Upon this certificate the case accordingly came up.

It was argued by *Mr. Johnson* (Attorney-General), for the United States, no counsel appearing upon the other side. He contended that, the United States not being liable to be sued

except with its own consent given by law, and there being no law giving such consent in this case, jurisdiction did not exist, and cited the case of United States *v.* McLemore, 4 Howard, 286.

Mr. Justice DANIEL delivered the opinion of the court.

This case comes before us from the Circuit Court for the Southern District of Mississippi, upon a certificate of division in opinion between the judges on the following facts and questions certified from that court.

The United States, as the indorsees of the Mississippi and Alabama Railroad Company, instituted an action of assumpsit in the court above mentioned, on a promissory note given by William J. Hill, J. S. Rowland, D. M. Porter, and W. F. Walker to the said railroad company, for the sum of four thousand dollars. At the November term of the court in 1839, the United States, upon a trial at law upon issues joined, first, upon the plea of *non-assumpsit*, and secondly, upon the plea of payment of the note before its indorsement and delivery to the plaintiffs, obtained a verdict and judgment in damages for the sum of $ 4,353.32. Upon the suing out of an execution on this judgment, the defendants filed a bill on the equity side of the Circuit Court, and obtained from the District Judge an injunction, upon grounds which perhaps might, under the pleadings in the cause, have been as regularly insisted upon at law, between the proper parties, as they could be in equity; but whether forming a well-founded defence at law, or not, is immaterial in the inquiry now presented. In the bill filed by Hill and others, the United States are made directly parties defendants; process is prayed immediately against them; they are called upon to answer the several allegations in the bill, and a perpetual injunction is prayed for to the judgment obtained by them. To the bill of the complainants the attorney for the United States filed in their behalf an answer *in extenso*, but afterwards moved the court to dissolve the injunction and dismiss the bill as to the United States, for want of jurisdiction as to them, upon which motion the order and certificate now before this court were made in the following terms: — "And afterwards, to wit, at the May term of said court, viz. on the 20th day of May, A. D. 1847, this cause came on to be heard before the Hon. Peter V. Daniel and Samuel J. Gholson, upon the motion of the United States of America to dismiss this suit as to them, and dissolve the injunction for want of jurisdiction, and was argued by counsel. And the court having taken time to consider, and not being able to agree in opinion what decree

should be made in the cause on said motion, one of the judges being of opinion that the said motion should be sustained, and the said bill dismissed and injunction dissolved, and the other being of opinion that the said motion should be overruled, it is therefore ordered, at the request of the counsel for both complainants and defendants, that said difference of opinion be certified to the Supreme Court of the United States for their decision, whether the said motion should be sustained or overruled."

The question here propounded, without any necessity for recurrence to particular examples, would seem to meet its solution in the regular and best-settled principles of public law. No maxim is thought to be better established, or more universally assented to, than that which ordains that a sovereign, or a government representing the sovereign, cannot *ex delicto* be amenable to its own creatures or agents employed under its own authority for the fulfilment merely of its own legitimate ends.   A departure from this maxim can be sustained only upon the ground of permission on the part of the sovereign or the government expressly declared, and an attempt to overrule or to impair it on a foundation independently of such permission must involve an inconsistency and confusion, both in theory and practice, subversive of regulated order or power.   Upon the principle here stated it has been, that, in cases of private grievance proceeding from the crown, the petition of right in England has been the nearest approach to an adversary position to the government that has been tolerated; and upon the same principle it is that, in our own country, in instances of imperfect land titles, special legislation has been adopted to permit the jurisdiction of the courts upon the rights of the government. Without dilating upon the propriety or necessity of the principle here stated, or seeking to multiply examples of its enforcement, we content ourselves with referring to a single and recent case in this court, which appears to cover the one now before us in all its features.   We allude to the case of the United States *v.* McLemore, in 4 Howard, 286, where it is broadly laid down as the law, that a Circuit Court cannot entertain a bill on the equity side of the court, praying that the United States may be perpetually enjoined from proceeding upon a judgment obtained by them, as the government is not liable to be sued, except by its own consent given by law.   We therefore direct it to be certified to the Circuit Court for the Southern District of Mississippi, that the motion on behalf of the United States in this cause should have been sustained, and that the bill as to

33 *

the United States should be dismissed, as having been improvidently allowed.

## Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Mississippi, and on the point or question on which the judges of the said Circuit Court were opposed in opinion, and which was certified to this court for its opinion, agreeably to the act of Congress in such case made and provided, and was argued by counsel. On consideration whereof, it is the opinion of this court, that the motion in behalf of the United States in this cause should have been sustained, and that the bill as to the United States should be dismissed, as having been improvidently allowed. Whereupon it is now here ordered and decreed by this court, that it be so certified to the said Circuit Court.