KAMM (LAMB v.). See Case No. 8,017.

## Case No. 7,603.
### KAMM v. STARK.
[See Case No. 7,604.]

## Case No. 7,604.
### KAMM v. STARK.

[1 Sawy. 547;[1] 3 Chi. Leg. News, 242; 13 Int. Rev. Rec. 134.]

Circuit Court, D. Oregon. April 8, 1871.

INJUNCTION TO STAY JUDGMENT — NOTICE OF APPLICATION FOR NO STAY—INJUNCTION NOT GRANTED AFTER EXECUTION — WHEN NOT ALLOWED TILL AFTER FINAL HEARING—SUBPOENA—SERVICE OF UPON ATTORNEY.

1. Where a judgment is given in an action at law for the recovery of the possession of real property, and a bill in equity is filed by the defendant therein to stay proceedings, and notice given of an application for a provisional injunction to enjoin the enforcement of the judgment, the plaintiff in the judgment is in no way prohibited or restrained from enforcing the same, until an injunction is actually granted and served, or he has notice of the order allowing it.

2. A provisional injunction will not be granted to restrain the plaintiff in an action at law

from enforcing a judgment, where it appears that between the filing of the bill and the time of the application for the injunction, the judgment had been enforced by execution.

3. An injunction requiring a party to do a particular thing, as to surrender the possession of certain premises, is never allowed before final hearing.

4. In case of a bill in equity to stay proceedings at law or a cross-bill, where the plaintiff in the action at law or original bill is beyond the jurisdiction of the court, the court will order the subpoena to appear to be served upon the attorney of such absent plaintiff; but when the judgment in such action at law has been enforced, the authority of the attorney to represent the absent party is at an end, and such order will not be made.

[Cited in Cortes Co. v. Thannhauser, 9 Fed. 228; Bush v. U. S., 13 Fed. 628.]

This was a motion [by Jacob Kamm against Benjamin Stark] for a provisional injunction to stay proceedings at law, and for an order directing service of the subpoena in the suit upon the attorney of the defendant in the action at law, he being a non-resident of the state.

E. D. Shattuck, for the motion.

DEADY, District Judge. On February 14, 1871, Benjamin Stark obtained judgment in this court in an action at law for the recovery of the possession of the south half of lot 3, in block 27, in the city of Portland. On February 15, Kamm filed a bill in equity in this court against Stark, setting forth certain facts and circumstances from which he claimed that in equity he was entitled to the premises, and praying that Stark might be compelled to release his claim to the premises, and that in the meantime an injunction might be allowed to restrain Stark from enforcing the judgment for the recovery of the possession. On the same day that the bill was filed, notice was given to the attorney of Stark in the action at law, that on March 8, application would be made to one of the judges of this court for the provisional injunction prayed for in this bill; and also that a motion would then and there be made for an order to serve the subpoena in this suit upon W. W. Page, the attorney of Stark in the action at law.

On March 8 and 9, the matter was heard at chambers, when it appeared from the affidavit of Kamm that Stark was a non-resident of the district, and could not be found therein, and that W. W. Page, Esq., was his attorney in the action at law.

Stark's attorneys (Messrs. Page & Hill) were present but declined to appear, suggesting that it appeared from the records of the court, to wit: the praecipe and execution, in Stark v. Kamm, that the judgment had been enforced, and that therefore they were no longer the attorneys of Stark in that matter. Upon inspection of these papers it appeared that a writ of possession issued to enforce the judgment in question in pursuance of a praecipe filed by Stark's attorneys on February 27, and that in obedience thereto

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

the marshal of the district, on the same day, dispossessed Kamm and put Stark into possession by delivering the same to his attorneys.

Counsel for Kamm in reply to the suggestion that after Stark had been put into possession upon the execution, it was too late to enjoin the enforcement of the judgment, insisted, that from the time of service of notice of the motion for injunction until the hearing thereof, Stark's right to enforce his judgment by reason of such service, was in some way suspended, and that consequently the issue and execution of the writ of possession were done in disregard of the authority of this court and fraud of Kamm's rights, and should be treated as nullities.

In support of this extraordinary proposition counsel cited no authority except Barb. Ch. Prac. 634, which lays down the rule that although a party has not been regularly served with an injunction, he is liable for a breach of it, if in fact he had notice of its being granted.

But this is an application for an injunction, and not to punish the defendant for a breach of one after knowledge that it was granted, and before service of it. And if this were otherwise, certainly the authority is not in point, unless it be further shown that notice of an intention to apply for an injunction is equivalent in law to the granting of it—at least until the application is denied. If such were the doctrine in regard to the effect of an application for an injunction, the granting of provisional injunctions to restrain a defendant until the final hearing could never have been necessary. Upon the filing of a proper bill with a prayer for a perpetual injunction and service of a subpoena, there would be an application for an injunction certainly entitled to as much consideration and effect as a mere motion for a temporary one.

The fact is, the plaintiff is too late to enjoin Stark from enforcing his judgment for possession. It is already enforced, and it is now physically impossible to prevent it. Nor can a provisional injunction now issue to restore the possession of the property to Kamm. An injunction is never granted, requiring a party to do a particular thing until after final hearing and decree. Stark has the legal title to this property, and lawful possession under the judgment and process of this court. If Kamm wished to have the proceedings at law enjoined so as to enable him to retain the possession until the determination of a suit in equity to establish his title, he should have commenced in time, and not delayed until Stark had judgment and possession under it. True, notice had to be given of the motion for injunction, but that notice might have been shortened upon application to the judge to one day, or even less time if necessary. Besides, ten days elapsed after judgment, before the notice was given, and moreover, as Kamm had no defense to the action at law, he should have filed his bill and asked for an injunc-

tion, as soon as the action for the possession was commenced against him. The special injunction applied for must be denied.

The motion for substituted service of the subpoena will next be considered. In the English chancery, in case of a bill to stay proceedings at law, and in case of a cross-bill, if the plaintiff at law or in the original bill was "abroad"—beyond seas—the practice was upon motion of the complainant to order service of the subpoena to be made upon the attorney for his absent client. Smith, Ch. Prac. 116, 605. The same practice ex necessitate rei prevails in the United States courts, when the plaintiff in the action at law or the original bill is a non-resident of the state where the court is held, and cannot be served personally therein. Conk. Prac. 143.

The motion may be and usually is made ex parte (Smith, Ch. Prac. supra), and regularly the subpoena should be taken out before it is made. In the United States courts, notice of an application for an injunction is required by statute to be given in all cases. On this account it would seem necessary, when service of the subpoena is made upon the attorney to serve it before the application for an injunction can be made, because until the service of the subpoena, or at least the allowance of the order for serving it, there is no one within the jurisdiction of the court to whom notice of such application can be given.

The subject of the controversy must be the same in the action at law and the suit in equity, because the court cannot presume the attorney who represents a party in one cause to be his representative in another, except for the identity of the subject of the litigation. Hitner v. Suckley [Case No. 6,543]. Assuming for the present, that the subject of the controversy in this suit and the action at law are identical, the only question to be considered upon this application, is, whether or not the relation of attorney and client still subsists between the defendant Stark and Mr. Page? It is shown that it did exist in the action at law. Upon the facts, is such relation presumed to continue after judgment, and if so, how long and for what purpose?

Under the Code, the authority of an attorney in an action continues, unless there be a change, during the pendency thereof and for three years after judgment for the purpose of receiving payment and acknowledging satisfaction of the same. Code Or. § 400. At common law the authority of an attorney continued "until judgment and for a year and a day afterwards, to sue out execution, and for a longer term, if the execution be continued." 1 Atty. Prac. K. B. 67. An attorney's authority determines with the judgment, or at least with the issuing of the execution within the year. Jackson v. Bartlett, 8 Johns. 281. His power after judgment extends only to the issuing of execution, and receiving the debt. Kent, C. J., in Kellogg v. Gilbert, 10 Johns. 221.

From these authorities and others that might be cited, it seems not to admit of question, that an attorney's authority ceases with the obtaining of judgment, except for the purpose of issuing execution and acknowledging satisfaction, and that whenever the judgment is enforced or satisfied by execution or otherwise, it ceases absolutely.

In this case the execution was issued, executed and returned before the application for the order to serve the subpoena on Mr. Page, was made. But Page's authority as an attorney in the action at law being then at an end, as to that he was no longer the attorney of the party. True, it may or may not be, that Mr. Page is Stark's attorney in other matters, or even upon a general retainer. That matters not so far as this motion is concerned. To authorize an order permitting service of the subpoena to be made upon Page for Stark, and thereby give this court jurisdiction over the person of the latter, it must appear that Page is now in fact the attorney of Stark in an action at law, in which the complainant now seeks and may be entitled to enjoin further proceedings.

Now, the fact is, there is no action at law pending between these parties concerning this property. There was once, but Kamm took no steps to enjoin the proceedings therein, until the action had ripened into a judgment, and that had been enforced. For this reason, there is no longer an attorney of the plaintiff in that action upon whom to serve the subpoena in that suit, so as to enable the plaintiff herein to maintain the same, and enjoin the proceedings in such action, nor would it be of any avail to the complainant in this respect, if there was such an attorney, or if he had service on Stark in person, because the latter having prosecuted his action to judgment, and obtained possession of the property by execution thereon, there are no further proceedings which can be had therein, and consequently there is nothing to enjoin.

In what has been said, it is of course assumed that an attorney cannot be deemed the representative of an absent party, so as to be considered capable of receiving service of the subpoena for him, only so long and so far as authority as attorney for such party exists and extends. Mr. Page's authority as attorney for Stark in the action of Stark v. Kamm having necessarily ceased with the termination of the proceeding—the enforcement of the judgment therein—he is no longer his representative touching the subject matter of that action.

Upon the question as to whether Mr. Page is still attorney for Stark, counsel for Kamm made the point, that Stark's judgment at law was not presumed to be yet satisfied, because it did not appear that the plaintiff's costs and expenses in the action had been paid or collected. The entry of judgment was not read on the hearing, but in the absence of anything to the contrary, I suppose it is proper to suppose that the judgment was given for costs and expenses, as well as possession of the property. The praecipe directs the execution to issue to put Stark in possession in accordance with the judgment. Nothing is said in it about costs. The execution contains no clause concerning the costs and expenses. If there was a judgment for costs and expenses, and it was intended to enforce it, a clause to that effect, should have been inserted in the execution. The writ was executed by putting Stark into possession, and returned on February 28. Under this state of facts, I think it reasonable to conclude that if there was any judgment for costs, it must be considered satisfied.

But admitting that there was a judgment for costs and expenses, which remains unsatisfied, and that, therefore, Page is still Stark's attorney, in respect to the judgment he would only be so, so far as it remains unsatisfied. As to the title and possession of the property which is the subject of this suit, the judgment is satisfied. They are no longer in litigation in the action at law, and Page is not, therefore, Stark's attorney in respect to them. The subject matter of this suit is not the costs and expenses of the action at law, but the title and possession of the real property, and as to these, there is no judgment pending between the parties. Motion denied at cost of complainant.