### The Cortes Co. *v.* Thannhauser and another.

### Chittenden and others *v.* The Same.

*(Circuit Court, S. D. New York. November 2, 1881.)*

1. PROCESS—ACT OF 1875, § 1—EQUITY RULE 13.
    A subpœna or notice, issued on the filing of a bill in equity to enjoin an action at law, is not regarded as an original process or proceeding within the meaning of section 1 of the act of March 3, 1875, nor as within the terms of rule 13 in equity.

2. SAME—SERVICE OF.
    A bill brought by a defendant to enjoin the suit at law is only ancillary to such suit; but the court may, in its discretion, order personal service of the subpœna on the plaintiff, if he can be found, in addition to substituted service on his attorney.

*L. E. Chittenden*, for plaintiffs.

*S. B. Clarke* and *J. W. Lilienthal*, for defendants.

BLATCHFORD, C. J. The defendants in these suits have brought two suits at law in this court against the Cortes Company and one suit at law in this court against Lucius E. Chittenden and others to recover sums of money alleged to be due. The above are suits in equity. The first of them is brought to restrain the prosecution of all three of the suits at law, and the second to restrain the prosecution of the suit at law against Chittenden and others. Properly interpreted, there is no prayer in either of the two bills for any relief except injunctions to stay the prosecution of the suits at law. The

ground stated for such relief is that there is, on the facts alleged in the bills, and which are alleged in the same terms in both bills, an equitable defence to all of the suits at law, which, if established as alleged, would warrant a perpetual stay of the suits, but that such defence cannot be availed of in the suits at law, by reason of the distinction maintained in the jurisprudence of the United States between proceedings at law and proceedings in equity, as shown by the ruling in *Montejo* v. *Owen*, 14 Blatchf. 324, and in the cases there cited.

The plaintiffs, on filing the bills, and on notice to the attorney for the plaintiffs in the suits at law, now move for an order that service of the subpœna to appear and answer in these suits, or such other notices as the court shall adjudge proper, with a view to enable the court to proceed with these suits, upon said attorneys, be deemed sufficient and proper service upon the said plaintiffs as defendants in those suits, they being either foreigners or citizens of California and residents of San Francisco, in California.

It is a well-settled principle that a bill filed on the equity side of a court, to restrain or regulate a judgment or a suit at law in the same court, is not an original suit, but ancillary and dependent, and supplementary merely to the original suit; and that such a bill can be maintained in a federal court without reference to the citizenship or the residence of the parties. *Logan* v. *Patrick*, 5 Cranch, 288; *Dunn* v. *Clarke*, 8 Pet. 1; *Clarke* v. *Mathewson*, 12 Pet. 164; *Freeman* v. *Howe*, 24 How. 450, 460. On this principle the equity suit, not being an original suit, the process or notice issued on its being brought, to advise the plaintiff in the suit at law that it has been brought, is not regarded as original process or as an original proceeding. Such plaintiff is in court, voluntarily, for the purpose of prosecuting his suit at law and obtaining a judgment, and thereby makes himself subject to any control the court may find it equitable to exercise over his suit at law and over the matters involved in it, to the extent of perpetually staying its prosecution, if, on equitable considerations, that ought to be done. All that is requisite is that the plaintiff in the suit at law should have notice from the court of the institution of the proceeding in equity. If he will not defend against it, after receiving such notice, he will have to submit to the stay of his suit at law, if, after an *ex parte* hearing, the court shall deem such stay proper. He is in court, for the purposes of the action of the court on the subject-matter of the proceeding in equity, by having become the plaintiff in the suit at law. He is represented, for the purpose of giving notice to him of the institution of such proceedings, by his

chosen attorney in the suit at law. This is a necessity. His residence may be unknown, or, if known, remote. His attorney is presumed to know how and where to communicate with him. Therefore it is proper to give such notice to the attorney, and it is the duty of the attorney to bring such notice to the attention of his client. If he does not, or until he does, it is proper that the client should submit to any stay the court may direct of further proceedings in the suit at law; reasonable time being given for the communication of such notice to the client that he may discontinue the suit at law or defend the suit in equity, or put the matter into the hands of other counsel, or have a fair opportunity to take such other course as shall be deemed advisable. It may be proper to cause an additional and direct notice to be served on the plaintiff in the suit at law personally, if that is feasible.

It is provided by section 1 of the act of March 3, 1875, (18 St. at Large, 470,) that no civil suit shall be brought before a circuit court or a district court "against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceeding," except as provided in section 8 of the same act, which provides for bringing in absent defendants in suits to enforce or remove liens on property within the district. Substantially the same provision as to "original process" was contained in section 11 of the act of September 24, 1879, (1 St. at Large, 79,) and was re-enacted in section 739 of the Revised Statutes. A subpœna or notice issued on the filing of such a bill as those in the present suits has never been regarded, in the courts of the United States, as an original process or proceeding, and has been allowed to be served on the attorney for the plaintiff in the suit at law, and even to be served on such plaintiff out of the district. *Logan* v. *Patrick,* 5 Cranch, 288; *Read* v. *Consequa,* 4 Wash. 174; *Ward* v. *Seabry,* Id. 426; *Dunlap* v. *Stetson,* 4 Mason, 349, 360; *Dunn* v. *Clarke,* 8 Pet. 1, 3; *Bates* v. *Delavan,* 5 Paige, 299; *Doe* v. *Johnston,* 2 McL. 323, 325; *Sawyer* v. *Gill,* 3 Woodb. & M. 97; *Segee* v. *Thomas,* 3 Blatchf. 11, 15; *Kamm* v. *Stark,* 1 Sawy. 547, 550; *Lowenstein* v. *Glidewell,* 5 Dill. 325.

It is further objected that the supreme court, by rule 13 in equity, has provided that "the service of all subpœnas shall be by a delivery of a copy thereof, by the officer serving the same, to the defendant personally, or by leaving a copy thereof at the dwelling-house or usual place of abode of each defendant, with some adult person who

is a member or resident in the family." The practical construction of this rule has always been not to extend it to subpœnas on bills such as those in the present cases. The practice before referred to has existed while rule 13 has been in force, and has never been understood to be affected by that rule.

An order for substituted service on the attorneys will be made, and, in addition, it will be ordered that a copy of the subpœna be served on the parties personally, if they can be found, wherever they may be.