# CARLOS J. MONAGAS, etc., Complainants,

*v.*

# GEORGE W. LIEBERTH, Clerk, etc., Defendant.

In Equity.

1. The state of the sovereignty cannot be sued save by legislative consent; but this exemption from suit is limited to actions directly against it by name, and does not apply in favor of its agent against persons asserting private rights.

2. While it is a general rule that every party whose interest is to be affected must be a party to an action, yet, if the party who is the real principal be exempt from judicial process, if out of the complainant's power to sue him,—then the preventive power of the court may be applied to the agent, *ex necessitate*, to prevent wrong.

November 19, 1900.

*Mr. H. E. Smith,* solicitor for complainants.

*N. B. K. Pettingill,* United States Attorney, solicitor for defendant.

Holt, Judge, delivered the following opinion:

This is a bill to prevent the enforcement of a judgment of

*Suits against state.* As to what constitutes a suit against the state as distinguished from one against its officers or agents, see editorial notes to Beers v. Arkansas, 15 L. ed. U. S. 991; Hans v. Louisiana, 33 L. ed. U. S. 842.

the late provisional court in favor of the United States and against the complainants. An injunction is asked to prevent the issue of an execution. Objection is made *in limine* that it is really a suit against the United States, although the government is not named as a defendant, and therefore does not lie.

It is the English rule that the King cannot be sued save upon consent by petition of right. This is upon the idea that it is absurd to compel him to answer in a court of his own creation, —in his own court; and that sovereignty is not amenable to individual claim unless by its consent.

So far has this rule obtained in this country, from considerations of public policy, that the United States cannot be made a defendant in a suit save by legislative consent; and it has been held that whenever the state is an indispensable party to the granting of relief, for instance, as to devest it of title or reach its property for its creditors, it cannot be sued and the courts will not take jurisdiction. Christian v. Atlantic & N. C. R. Co. 133 U. S. 233, 33 L. ed. 589, 10 Sup. Ct. Rep. 260. Also, if the United States gets a judgment, it cannot be sued *eo nomine* to enjoin its collection. United States v. McLemore, 4 How. 286, 11 L. ed. 977; Hill v. United States, 9 How. 386, 13 L. ed. 185.

Unlike as in England, however, with us the individual is the sovereign. If he can show a right or present a defense, it should be allowed; and we have been unwilling that one shall be deprived of life, liberty, or property, save by due process of law, merely because the government may be interested. This claim is now made, but this court is unwilling to admit it.

It was claimed in the noted Arlington Case (United States v. Lee) 106 U. S. 196, 27 L. ed. 171, 1 Sup. Ct. Rep. 240, not only that the state could not be sued without its consent, but that no action could be maintained against an individual with-

Monagas v. Lieberth.

out such consent where the judgment must depend upon the right of the United States. This claim in its entirety was, however, rejected. The government was claiming the property under a tax sale, and its agent was in possession and was the party sued, and the right to maintain the action was upheld. It was said the exemption from suit was limited to suits directly against the government by name, and did not apply in favor of its agent against persons asserting private rights.

While it is a general rule that every party whose interest is to be affected must be a party to an action, yet, if the party who is the real principal be exempt from judicial process, if out of the complainant's power to sue him,—then the preventive power of the court may be applied to the agent, *ex necessitate,* to prevent wrong. Suppose an execution in favor of the United States had by fraud, accident, or in some illegal way, come to the hands of the collecting officer of this court, and it was entirely unsupported by judgment or any record, is it to be supposed for a moment the defendant would be without remedy because it was in the name of the United States? I think not.

The judgment now in question is assailed upon various grounds, among which is its alleged obtention by mistake or fraud, and want of jurisdiction in the court that rendered it. These issues should be made up and fully heard; and to this end a temporary injunction, as prayed for, is granted upon the complainants executing bond properly conditioned in the sum of $5,000.