STILLMAN v. HART, Clerk.

(Circuit Court of Appeals, Fifth Circuit. November 16, 1903.)

No. 1,266.

1. APPEAL—FINAL ORDER—DIRECTING PAYMENTS FROM FUND IN COURT.

An order of a Circuit Court allowing its clerk a commission on a fund in the depository of the court, awaiting final decree in a pending cause, and directing the drawing of a check on said fund therefor, is a final order and appealable.

2. JURISDICTION OF FEDERAL COURTS—TRANSFER OF CAUSES—ACT CREATING NEW DISTRICT.

The effect of section 7 of Act March 11, 1902, c. 183, 32 Stat. 64, 66 [U. S. Comp. St. Supp. 1903, pp, 66, 69], dividing the state of Texas into four federal judicial districts, which section transfers to the courts of the new Southern District jurisdiction over all pending causes of which they would have had jurisdiction if they had been instituted when such causes were commenced, was to deprive the courts of the other districts of jurisdiction to make any further orders in such causes.

Appeal from the Circuit Court of the United States for the Western District of Texas.

L. G. Denman, for appellant.

Clarence H. Miller, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In the case of C. B. Combe, Executor, et al., v. James Stillman et al., heretofore pending in the Circuit Court in and for the Western District of Texas, at Brownsville, an order was made on the 23d day of May, 1899, under which James Stillman, one of the defendants, paid into the hands of a receiver in the cause the sum of $50,000 in cash, which was thereafter deposited in the National Bank of San Antonio, Tex., to the credit of the court. Thereafter, and on the 11th day of February, 1903, on application of the clerk of the United States Circuit Court for the Southern District of Texas to certify and transfer the said fund to the credit of the Southern District of Texas, there to be deposited to the credit of the court to which the said case of C. B. Combe, Executor, et al. v. James Stillman had been transferred by operation of law, the Circuit Court for the Western District of Texas, among other things, decreed as follows:

"It is therefore ordered, adjudged, and decreed by the court that D. H. Hart, clerk of the Circuit Court of the United States for the Western District of Texas, forthwith draw a check on the San Antonio National Bank of San Antonio, Texas, to be countersigned by a judge of this court, payable to the order of D. H. Hart, as such clerk, for the sum of $500, the amount found by the court to be due him, as one per cent. commission, under section 828 of the Revised Statutes of the United States, for receiving, keeping, and paying out said above-mentioned fund of $50,000; and, further, that said Hart, clerk, draw a check on said San Antonio National Bank, to be countersigned by a judge of this court, payable to the order of C. Dart, clerk of the United States Circuit Court for the Southern District of Texas, for the sum of $49,500, the

¶ 1. Finality of judgments and decrees for purpose of review, see notes to Central Trust Co. of New York v. Madden, 17 C. C. A. 238; Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.

remainder of said fund—the same, when received, to be deposited by said Dart, clerk, in the South Texas National Bank of Houston, Texas, pursuant to the aforesaid order of the Honorable W. T. Burns."

From that part of the decree allowing the clerk, Hart, to withdraw and retain $500 of the said fund, the defendant James Stillman sued out this appeal.

A motion has been made to dismiss on the ground that the appeal is from an interlocutory decree merely taxing costs. We are of opinion that it is a final decree as to the disposition of $500, and that it goes further than the mere taxing of costs, because it diverts a substantial portion of a fund paid into court to abide a final decree inter partes, and the motion to dismiss is overruled.

By the seventh section of an act entitled "An act to divide the state of Texas into four judicial districts," approved March 11, 1902, c. 183, 32 Stat. 64, 66 [U. S. Comp. St. Supp. 1903, pp. 66, 69], the case of C. B. Combe, Executor, et al. v. James Stillman, originally pending in the Circuit Court for the Western District of Texas, and all jurisdiction therein, was transferred to and vested in the Circuit Court of the Southern District for the state of Texas, newly created by said act; and on the 1st day of July, 1902, the date the act went into effect, all jurisdiction over the case of C. B. Combe, Executor, et al. v. James Stillman, vested in the Circuit Court of the Southern District, and absolutely passed from the Circuit Court of the Western District, leaving nothing for the last-named court to do therein, save, as might be necessary, to certify and transfer the records and proceedings and matters relating to said proceedings. It follows that the Circuit Court for the Western District was without jurisdiction to divert any part of the fund deposited in said case, or even to tax the costs therein.

The decree appealed from is reversed and vacated at the appellee's costs.