## O'CONNOR v. O'CONNOR et al.

(Circuit Court, W. D. Texas, San Antonio Division. July 18, 1906.)

No. 147.

1. COURTS—JURISDICTION OF FEDERAL COURTS—ANCILLARY SUITS.

 A suit in equity commenced in a federal court, the purpose of which is to set aside a judgment of dismissal entered by the same court in an action at law, is ancillary to such action and within the jurisdiction of the court without regard to the citizenship of the parties, and where the defendants named in the bill were parties to the original action, or are in privity with such parties, service may be made upon them, although they reside beyond the limits of the district.

 [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 801.

 Supplementary and ancillary proceedings and relief in federal courts, see note to Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 36 C. C. A. 195.]

2. SAME—TRANSFER OF CAUSES—ACT CREATING NEW DISTRICT.

 Under Act March 11, 1902, c. 183, § 7, 32 Stat. 66 [U. S. Comp. St. Supp. 1905, p. 114], dividing the state of Texas into four federal judicial districts, which section transfers to the courts of the new Southern district jurisdiction of all causes of which said courts would have had jurisdiction if they had been constituted when such causes were commenced, provided, inter, alia, that pending causes in which evidence had been taken should be retained and disposed of in the courts where pending, an action in which evidence had been taken, and in. which a judgment of dismissal had been entered, remains in the court which entered such judgment for the purpose of determining jurisdiction of an ancillary bill in equity to set aside the dismissal, although if an original suit it would be within the jurisdiction of the courts of the new district.

 [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 1117.]

## On Motion to Discharge Service and Vacate Process.

July 6, 1905, Thomas O'Connor, a citizen of the state of Louisiana, filed his bill in equity in the San Antonio Division of the Western District of Texas against Thomas M. O'Connor, in his own right and as executor of the estate of Thomas M. O'Connor, deceased, Joseph O'Connor. Martin O'Connor, Thomas O'Connor, Jennie O'Connor, Mary Hallihan, formerly Mary O'Connor, and her husband, J. F. Hallihan, citizens of Victoria county, Tex., in the Southern district of Texas, alleging: That October 23, 1888, plaintiff had brought suit at law in the Circuit Court of the United States for the Western District of Texas at San Antonio, of which Victoria county was then a part, against D. M. O'Connor and Thomas M. O'Connor, as beneficiaries and executors of the will of Thomas O'Connor, deceased, to collect a note for $30,000, executed in his favor April 30, 1871, by said Thomas O'Connor, deceased, and renewed by the maker thereof by letter dated November 7, 1884. That said Thomas O'Connor died in the year 1887, leaving a will which was thereafter duly probated, whereby he appointed said D. M. O'Connor and Thomas M. O'Connor his executors, and by virtue whereof said testator devised and bequeathed to said Thomas M. O'Connor, D. M. O'Connor, and Mary O'Connor nearly his entire estate. That, pending said suit, defendants therein fraudulently and by false evidence caused plaintiff to be convicted of felony November 30, 1889, and to be imprisoned by virtue of said conviction in the penitentiary of the state of Texas until December 20, 1904. That May 16, 1890, said Circuit Court, upon motion of plaintiff's counsel without notice to plaintiff, without any warrant or authority from him, without his knowledge or consent and against his wishes and intentions, entered an order in said cause dismissing and striking the same from its docket without prejudice; said order of dismissal being in the following words: "Now comes the plaintiff in the above-entitled cause by his attorneys and says that he will no further prosecute this cause and dismisses the same without prejudice. It is therefore ordered by the court that this cause be dismissed and stricken from the docket without prejudice. And, it appearing that all costs of suit have been paid, therefore no execution will issue for same." That, during his imprisonment, plaintiff was unable to take steps to protect his rights in the premises, and that he received a pardon from the Governor of the state of Texas, restoring his civil status, December 20, 1904. That Dennis M. O'Connor had died after the beginning of said suit, leaving as his legatees and heirs at law his widow, Jennie O'Connor, and his children, Martin, Joseph, Thomas, and Mary O'Connor Hallihan, defendants in the bill. That, during the pendency of the original suit at law, the estate of Thomas O'Connor, deceased, had been divided between said Thomas M. O'Connor and D. M. O'Connor, and that said estate consisted of lands, cattle, money, and other property situated in Victoria, Refugio, and other counties in Texas, and was, for the most part, in the possession of defendants in the bill.

Plaintiff prayed for issuance of subpœna for defendants to be served in the Southern district of Texas, and that the suit at law might be revived and its prosecution permitted by and in behalf of plaintiff against defendants in the bill. Writs of subpœna were issued and served in the county of Victoria, Southern district of Texas, during the year 1905, upon the defendants, except Thomas M. O'Connor. January 19, 1906, upon application of plaintiff, the court ordered that writs of subpœna issue on plaintiff's bill to be served in the Southern district of Texas upon the defendants therein named, except defendant Thomas O'Connor. In the order upon which this application was granted it was alleged that the bill was ancillary to the original suit at law, and that all the defendants were residents and citizens of Victoria county, Tex., in the Southern district of said state. Defendant Thomas M. O'Connor was served with process of subpœna in Victoria county, February 21, 1906. September 21, 1905, defendants, except Thomas M. O'Connor, filed their motion to discharge service and vacate process of the writs of subpœna served upon them, respectively, for the reasons following: "(1) It appears from complainant's bill that these defendants are residents of the Southern district of Texas. (2) That issuance and service of the said writs of subpœna are unauthorized by law." March 3, 1906, defendant Thomas M. O'Con-

nor, in his own right and as executor of Thomas O'Connor, deceased, filed his motion to discharge service and vacate the process of the subpœna for the reasons alleged by his codefendants.

To render the statement of the case more complete, it may be added that the counties of Victoria and Refugio were detached from the Western district of Texas and attached to the Southern district by virtue of an act of Congress, approved March 11, 1902. See 32 Stat. pt. 1, c. 183, 64 et seq. [U. S. Comp. St. Supp. 1905, p. 111]. This act of Congress created the Southern district of Texas and, touching the transfer of causes pending in the old districts, the seventh section of the act provides as follows: "Sec. 7. That all causes and proceedings of every name and nature, civil and criminal, now pending in the courts of the judicial districts of the state of Texas, as heretofore constituted, whereof the courts of the southern judicial district of the State of Texas as hereby constituted would have had jurisdiction if said district and the courts thereof had been constituted when said causes or proceedings were instituted, shall be, and the same are hereby, transferred to and the same shall be proceeded with in the southern judicial district of the state of Texas as hereby constituted, and jurisdiction thereof is hereby transferred to and vested in the courts of said southern judicial district, and the records and proceedings therein and relating to said proceedings and causes shall be certified and transferred thereto; and all causes and proceedings of every name and nature, civil and criminal, now pending in the courts of the several judicial districts of Texas as heretofore constituted, whereof the courts of the several judicial districts of the state of Texas, as hereby constituted would have had jurisdiction if said districts and the courts thereof had been constituted as under the provisions of this Act when said causes or proceedings were instituted, shall be, and the same are hereby, transferred to, and the same shall be proceeded with in the said several judicial districts of the state of Texas as hereby constituted the same as if said judicial districts had been constituted and created as by the provisions of this Act, when such causes or proceedings were instituted and jurisdiction thereof is hereby transferred to and vested in the courts of said judicial district, respectively. as hereby constituted, and the records and proceedings therein and relating to said proceedings and causes shall be certified and transferred thereto: Provided, that all motions and causes submitted and all causes and proceedings, both civil and criminal, including proceedings in bankruptcy, now pending in the judicial districts of Texas, as heretofore constituted, in which the evidence has been taken in whole or in part before the present district judges of the judicial districts of Texas as heretofore constituted, or taken in whole or in part and submitted and passed upon by the said district judges, respectively, shall be proceeded with and disposed of in the said judicial districts, respectively, as heretofore constituted, where said motions and causes were submitted or where such evidence was taken in whole or in part or taken in whole or in part and submitted and passed upon as hereinbefore mentioned." 32 Stat. 66 [U. S. Comp. St. Supp. 1905, p. 114].

J. D. Guinn and W. B. Stephens, for plaintiff.

Proctors, Vandenberge & Crain, Bailey & Davidson, and William Aubrey, for defendants.

MAXEY, District Judge (after stating the facts). 1. Without intimating an opinion touching the sufficiency of the present bill, it may be stated that a bill in equity is the appropriate remedy in cases of this character. See opinion of the Circuit Court of Appeals in this case, not yet reported.

2. The defendants in the present bill were either parties to the original suit at law, or are in privity with them, and the primary purpose of the present bill is to set aside the judgment of dismissal entered in the suit at law. Hence the bill is not an original suit, but merely ancillary and supplementary to the suit at law. Thus, in Free-

man v. Howe, 24 How. 460, 16 L. Ed. 749, it was said by Mr. Justice Nelson, speaking for the court:

"The principle is that a bill filed on the equity side of the court to restrain or regulate judgments or suits at law in the same court, and thereby prevent injustice, or an inequitable advantage under mesne or final process, is not an original suit, but ancillary and dependent, supplementary merely to the original suit, out of which it had arisen, and is maintained without reference to the citizenship or residence of the parties." Dunlap v. Stetson, 4 Mason 349, Fed. Cas. No. 4,164, by Justice Storey; Cortes Co. v. Thannhauser (C. C.) 9 Fed. 226, by Judge Blatchford; 1 Bates Fed. Eq. Proc. § 46; Krippendorf v. Hyde, 110 U. S. 280, 281, 282, 4 Sup. Ct. 27, 28 L. Ed. 145; Jones v. Andrews, 10 Wall. 327, 19 L. Ed. 935; Dunn v. Clarke, 8 Pet. 1, 8 L. Ed. 845; Clarke v. Mathewson, 12 Pet. 172, 9 L. Ed. 1041; Webb v. Barnwall, 116 U. S. 193, 6 Sup. Ct. 350, 29 L. Ed. 595; Minnesota Co. v. St. Paul Co., 2 Wall. 633, 17 L. Ed. 886; Carey v. Railway Co., 161 U. S. 115, 16 Sup. Ct. 537, 40 L. Ed. 638.

3. In suits of the character mentioned in paragraph 2, the court having jurisdiction, service may be made upon parties, defendant, to the ancillary bill, although they reside beyond the limits of the district. Freeman v. Howe, supra; Dunlap v. Stetson, supra; Cortes Co. v. Thannhauser, supra, and the foregoing authorities. The case of Pacific Railroad v. Mo. Pac. Ry. Co. (C. C.) 3 Fed. 772, 1 McCrary, 647, relied upon by the defendants, is distinguishable from the present one. In that case some of the nonresident defendants were not parties to the original suit, and there seems to have been no privity between them and the original defendants. As to the nonresidents, therefore, the suit was original, and they could not be brought in. Here, as it has already been shown, the suit at law was between the parties to the present bill, or those standing in privity with them. This distinction should be borne in mind in considering the following language employed by Mr. Justice Blatchford, in Railroad Co. v. Railway Co., 111 U. S. 522, 4 Sup. Ct. 583, 28 L. Ed. 498, and repeated by the Chief Justice in Carey v. Railway Co., 161 U. S. 131, 16 Sup. Ct. 543, 40 L. Ed. 638:

"On the question of jurisdiction the suit may be regarded as ancillary to the Ketchum suit, so that the relief asked may be granted by the court which made the decree in that suit, without regard to the citizenship of the present parties, though partaking so far of the nature of an original suit as to be subject to the rules in regard to the service of process which are laid down by Mr. Justice Miller in Pacific Railroad v. Missouri Pacific Railway Co., (C. C.) 3 Fed. 722, 1 McCrary, 647."

Besides Mr. Justice Blatchford decided the case of Thannhauser, supra, and he scarcely intended, by the language used in Railroad Co. v. Railway Co., 111 U. S. 522, 4 Sup. Ct. 583, 28 L. Ed. 498, to overrule not only what he had said in Thannhauser's case, but also to set at naught the rulings in Dunlap v. Stetson, supra, and Freeman v. Howe, supra.

4. The present bill, though an original bill in the chancery sense of the word, is a continuation of the former suit, on the question of the jurisdiction of the court. Carey v. Railway Co., 161 U. S. 131, 16 Sup. Ct. 537, 40 L. Ed. 638; R. R. Co. v. Railway Co. 111 U. S. 522, 4 Sup. Ct. 583, 28 L. Ed. 498; Minnesota Co. v. St. Paul Co., 2 Wall. p. 633, 17 L. Ed. 886.

That being true, did the seventh section of the act, creating the Southern district of Texas, transfer the suit, and all jurisdiction over it, to the southern district? See Stillman v. Hart, 126 Fed. 359, 61 C. C. A. 309. The question suggested is involved in doubt, but, in view of the fact that evidence was taken in the original suit at law, the court inclines to the view that the suit should be retained here.

An order will be entered overruling the motion to discharge the service and vacate the process.