## BUTLER v. UNGERLEIDER.

### No. 156, Docket 21883.

United States Court of Appeals
Second Circuit.

Argued Jan. 9, 1951.

Decided Feb. 16, 1951.

Plaintiff Butler's complaint alleges the following: On January 23, 1933, one Schumacher, as receiver of a national bank, recovered a judgment against Butler in the court below on an alleged obligation of Butler for an assessment against him as alleged shareholder of the bank. Butler was not personally served in that action nor has he ever appeared therein; and the service was not by a United States Marshal. In 1938, the successor receiver of the bank assigned the judgment to defendant Ungerleider. Before that assignment, all creditors and depositors of the bank, and all receivership expenses had been paid in full, leaving a surplus in the receiver's hands, "available for partial and proportionate rebate to stockholders who had paid or partially paid assessments." Defendant is a citizen of and resides in Florida. The complaint asked a declaratory judgment that defendant has no claim against Butler; that in the action against him the court had no jurisdiction; and that it be vacated.

Pursuant to a motion by Butler, based on an affidavit that defendant resided in Florida, the district court made an order that service of summons be made on defendant out of the jurisdiction where he might be found. The United States Marshal filed a return showing that he had served a copy of the summons, complaint, order and affidavit on defendant in Florida. Thereafter, on defendant's motion, the district court made an order setting aside the service and quashing the return.

William A. Butler, Brooklyn, N. Y. (Vine H. Smith, Brooklyn, N. Y., of counsel), for plaintiff-appellant.

Morton Frederick, New York City, for defendant-appellee.

Before CHASE, CLARK. and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ 1. On the facts here, the order quashing service was appealable.[1]

■ 2. The suit is ancillary to the original action in which defendant's assignor obtained the judgment against plaintiff in the court below. Accordingly, as defendant is a privy to the party who obtained that judgment, the court had jurisdiction of this suit, and service within the district was unnecessary. All that was required was an order, for adequate notice to defendant, based upon an appropriate showing.[2] As plaintiff met those requirements, the order quashing service was erroneous.

Reversed.

CLARK, Circuit Judge (concurring).

I concur in the decision based upon the authority of the cited line of cases which hold that an attack on a federal judgment is a proceeding ancillary to the original action and hence does not require new grounds of jurisdiction. But this holding makes desirable, if not necessary, some further discussion of the question of appealability of the order quashing the return of service. For the cited case, Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372—decided long before the clarification of "final judgments" made by amended Rule 54(b), 28 U.S.C.A.—cannot properly be held to make all orders quashing service necessarily appealable. There the order—actually one of quashing the "summons"—had all the elements of finality ending the suit forever; it was based upon the holding that the defendant foreign corporation was not doing business within the district to make it amenable to service and suit there. The situation would be quite different if the order was based only upon some inadequacy of service which could be corrected without delay or difficulty. The point becomes important because one of the grounds of attack upon the service made by the defendant here was the failure to follow the details of the statute providing for service by publication. 28 U.S.C.A. § 1655. It becomes necessary, therefore, to look at the decision actually made.

In the first instance, at least, the question of finality of a judgment must depend on the trier's intent; no way, short of the somewhat inadequate moral suasion, has yet been found to make a judge finally decide a case when he is not yet prepared to do so. Compare Forstner Chain Corp. v. Marvel Jewelry Mfg. Co., 1 Cir., 177 F.2d 572, 576; Lo Bue v. United States, 2 Cir., 178 F.2d 528, 531. The value of the amendment to Rule 54(b) and its very real success to date depend upon its more or less automatic fixing of the attention of the trial judge upon this issue, more normally within the perspective of the reviewing than the trial court, and its providing of a convenient guidepost that he can employ to make his intent clear. But this rule applies only when some issues admittedly remain undetermined; there is still the question whether the judge actually intends to dispose of all issues when he has used legal terms leaving his intent unclear. That is the situation here, made more difficult because of the variety of grounds urged by the defendant for the action finally taken.

But I think we can safely conclude that he intended a full and final disposition of the case for lack of effective jurisdiction, in the belief that no effective service could be made on defendant in Florida. That is

1. Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L. Ed. 372.

2. O'Connor v. O'Connor, C.C.W.D.Tex., 146 F. 994, 997; Hanna v. Brictson Mfg. Co., 8 Cir., 62 F.2d 139, 149; cf. Pacific R. Co. v. Missouri Pacific R. Co., C.C.E. D.Mo., 3 F. 772; Pacific R. Co. v. Missouri Pacific R. Co., 111 U.S. 505, 522, 4 S.Ct. 583, 28 L.Ed. 498; Minnesota Co. v. St. Paul Co., 2 Wall. 609, 633–634, 17 L.Ed. 886; Leman v. Krentler-Arnold Co., 284 U.S. 448, 454–455, 52 S.Ct. 238, 76 L.Ed. 389; Dunn v. Clarke, 8 Pet. 1, 2–3, 8 L.Ed. 845; Higgins v. California Prune & Apricot Growers, 2 Cir., 282 F. 550, 554–555; 2 Moore's Federal Practice (2d ed.) 933–934; Moore and Rogers, Federal Relief from Civil Judgments, 55 Yale L.J. 623, 655–656. In Merriam v. Saalfield, 241 U.S. 22, 36 S. Ct. 477, 60 L.Ed. 868, it was held that one who had financed the defense of a law-suit, bound by the judgment therein for purposes of res judicata, was not a "privy" in the sense here involved.

shown by his memorandum of decision—quoted in the footnote [1]—which he took pains to repeat in identical terms in the order under review. Since the cited rule, Fed.Rules Civ.Proc. rule 4(f), limits effective service (in the absence of a special statute) to "the territorial limits of the state in which the district court is held," the judge was effectively ending the case by holding invalid the only service feasible in view of the defendant's non-residence. This is made the clearer when we bear in mind that the line of cases cited in Judge Frank's opinion to support jurisdiction on ancillary grounds come from the research of this court and were not before the court below. Had counsel's research gone to the point of producing these authorities, the district judge would have realized that the case was not ripe for final judgment. Without them he naturally thought otherwise, and we are therefore justified in treating his order as intentionally final.

1. "Service of the summons and complaint herein was not effected in compliance with Rule 4(f) of the Federal Rules of Civil Practice. Hence the said service is set aside and the return thereof quashed. It is unnecessary therefore to consider the other grounds urged in the notice of motion herein."