## THE UNITED STATES, APPELLANT, *v.* JOHN C. McLEMORE.

Although a Circuit Court, sitting as a court of law, may direct credits to be given on a judgment in favor of the United States, and consequently examine the grounds on which such an entry is claimed, and may direct the execution to be stayed until such an investigation shall be made, yet it cannot entertain a bill, on the equity side, praying that the United States may be perpetually enjoined from proceeding upon such judgment.

Nor can a decree or judgment be entered against the government for costs.

THIS was an appeal from the Circuit Court of the United States for the District of Middle Tennessee, sitting as a court of equity.

It is unnecessary to recite all the circumstances which led to the filing of the bill in equity, as it was dismissed for the want of jurisdiction in the Circuit Court. The facts in the case are summarily stated in the opinion of the court. It is proper, however, to exhibit the account to which the opinion of Mr. Justice Wayne refers : ——

THE UNITED STATES OF AMERICA *v.* SEARCY'S EXECUTORS AND SECURITIES.

DR. *Robert Searcy, late District Paymaster, in account with the U. S.*

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| To amount of judgment, 21st June, 1827, . | . | $17,028 41 | |
| " interest till 20th Sept., 1843, 16 years, 3 months, 29 days, | . | . | 16,597 80 | |
| | | | $33,626 21 | |
| 1828, May 3, Cr. by payment to Tho. H. Fletcher, | $1,283 62 | | |
| " interest till 20th Sept., 1843, 15 years, 4 months, 17 days, | : | . | 1,184 00 | |
| " July 8, " payment to Tho. H. Fletcher, | . | 519 25 | | |
| " interest till 20th Sept., 1843, 15 years, 2 months, 12 days, | . | . | 473 33 | |
| " July 18, " payment to Tho. H. Fletcher, | . | 1,940 68 | | |
| " interest till 20th Sept., 1843, 15 years, 2 months, 2 days, | . | . | 1,760 05 | |
| " July 24, " payment made to Tho. H. Fletcher, | 498 33 | | |
| " interest till 20th Sept., 1843, 15 years, 1 month, 26 days, | . | . | 455 34 | |
| Amounts carried forward, | $ 8,120 60 | 33,626 21 | |

The United States *v.* McLemore.

| | | | | | |
|---|---|---|---|---|---|
| | | Amounts brought forward, | | $8,120 60 | 33,626 21 |
| 1828, Oct. 28, | Cr. by | payment made to Tho. H. Fletcher, | | 960 00 | |
| " | " | interest till 20th Sept 1843, 14 years, 10 months, 22 days, | | 857 92 | |
| " Nov. 10, | " | payment made to Tho. H. Fletcher, | | 715 19 | |
| " | " | interest till 20th Sept., 1843, 14 years, 10 months, 10 days, | | 637 54 | |
| 1829, Jan. 15, | " | payment made to Tho. H. Fletcher, | | 304 60 | |
| " | " | interest till 20th Sept., 1843, 14 years, 8 months, 5 days, | | 267 77 | |
| " Jan. 24, | " | payment made to Tho. H. Fletcher, | | 498 34 | |
| " | " | interest till 20th Sept., 1843, 14 years, 7 months, 26 days, | | 437 91 | |
| " Jan. 26, | " | payment made to Tho. H. Fletcher, | | 286 67 | |
| " | " | interest till 20th Sept., 1843, 14 years, 7 months, 24 days, | | 251 39 | |
| " April 6, | " | payment made to Tho. H. Fletcher, | | 1,273 76 | |
| " | " | interest till 20th Sept., 1843, 14 years, 6 months, 14 days, | | 1,110 48 | |
| " June 12, | " | payment made to James Collinsworth, | | 1,163 50 | |
| " | " | interest till 20th Sept., 1843, 14 years, 3 months, 8 days, | | 995 92 | |
| " June 24, | " | payment made to James Collinsworth, | | 1,027 75 | |
| " | " | interest till 20th Sept., 1843, 14 years, 2 months, 26 days, | | 877 40 | |
| " Oct. 22, | " | payment made to James Collinsworth, | | 1,920 00 | |
| " | " | interest till 20th Sept., 1843, 13 years, 10 months, 28 days, | | 1,602 56 | |
| 1831, Oct. 28, | " | payment made to James Collinsworth, | | 200 00 | |
| " | " | interest till 20th Sept., 1843, 11 years, 10 months, 22 days, | | 142 73 | |
| 1832, Jan. 1, | " | payment made to James Collinsworth, | | 500 00 | |
| " | " | interest till 20th Sept., 1843, 11 years, 8 months, 20 days, | | 351 67 | |
| " Sept. 3, | " | payment made to James Collinsworth, | | 1,669 49 | |
| " | " | interest till 20th Sept., 1843, 11 years and 17 days, | | 1,166 27 | |
| 1833, Jan. 1, | " | payment made to James Collinsworth, | | 2,104 60 | |
| " | " | interest till 20th Sept., 1843, 10 years, 8 months, 20 days, | | 1,351 00 | |
| 1834, Jan. 1, | " | payment made to Collinsworth, | | 1,279 89 | |
| " | " | interest till 20th Sept., 1843, 9 years, 8 months, 20 days, | | 756 08 | |
| 1833, Jan. 1, | " | payment made to Collinsworth, | | 861 00 | |
| " | " | interest till 20th Sept., 1843, 10 years, 8 months, 20 days, | | 553 91 | |
| 1839, Jan. 1, | " | payment made to J. P. Grundy, | | 422 00 | |
| " | " | interest till 20th Sept., 1843, 4 years, 8 months, 20 days, | | 119 58 | |
| 1831, Aug. 10, | " | payment made to Collinsworth, | | 425 00 | |
| " | " | interest till 20th Sept., 1843, 12 years, 1 month, 10 days, | | 308 84 | |
| | | | | | $35,521 27 |
| | | Amount overpaid, | | | $1,895 06 |

The case was argued by *Mr. Mason* (Attorney-General), for the appellant, and by *Mr. Brinley* and *Mr. Eaton,* for the defenuant.

Mr. Justice McLEAN delivered the opinion of the court.

This is an appeal from the decree of the Circuit Court of the United States, for the District of Middle Tennessee.

The United States *v.* McLemore.

The bill was filed by McLemore and Cantwell, surviving executor of Robert Searcy, deceased, and surviving executor of George M. Deoderick, deceased, representing that a judgment was obtained by the United States against the executors of Searcy, for the sum of seventeen thousand and twenty-eight dollars and forty-one cents. That various payments had been made on the judgment until the whole or nearly the whole had been paid. That the last execution on the judgment was issued the 10th of January, 1842, for a balance claimed on the judgment of two thousand eight hundred thirty-two dollars and thirty-seven cents. And they state that their payments were made to different persons named, who succeeded each other in the office of District Attorney of the United States for Middle Tennessee ; and that by the absence and death of a part of them it is difficult to show the sums paid. That the money was principally collected by the district attorneys on notes handed them for collection, the proceeds of which, when received, were to be applied to the discharge of the judgment. That this arrangement was sanctioned by the treasury department. And the prayer of the bill is, that the judgment may be enjoined, &c.

The District Attorney of the United States answered the bill, and the matter of payments was referred to a master, who rep t-ed a balance against the United States, after paying the judgn nt. On this report, the district judge holding the Circuit Court decreed a perpetual injunction, and that the United States should pay the costs.

There was no jurisdiction of this case in the Circuit Court, as the government is not liable to be sued, except with its own consent, given by law. Nor can a decree or judgment be entered against the government for costs.

The Circuit Court, as a court of law, may direct credits to be given on the judgment, and having a right to order satisfaction to be entered on the judgment, consequently may examine the grounds on which such an entry is claimed, and may direct the execution to be stayed until such an investigation shall be made.

This bill is dismissed.

Mr. Justice WAYNE concurred in the decision of the case, but said it appeared in the record that a different mode of computing interest had been pursued from that which had been settled by this court. In Livingston *v.* Story, 13 Peters, 371, the court said : — " The correct rule, in general, is, that the creditor shall calculate interest whenever a payment is made. To this interest the payment is first to be applied ; and if it exceed the interest due, the balance is to be applied to diminish the principal. If the payment fall short of the interest, the balance of interest is not to be added to the principal so as to produce interest. This rule is equally applicable, whether the debt be one which expressly draws

interest, or on which interest is given in the name of damages."
Nor is it to be considered, by any thing which the court has done
upon the motion, that any sanction is given to any other mode of
computing interest.