Mr. Justice MILLER
 

 delivered the opinion of the court.
 

 It is seen, from the bill and decree, that while the United States was not made a defendant, and while it is well settled that it could not be sued in the court below, the only relief prayed by the bill was- relief against the United States, and the only decree rendered which was not merely formal was a decree against the United States for over $200,000, and a further decree barring the right to assert her priority as a creditor of the bank in the distribution of its funds.
 

 It is strange that in any court professing to administer the. English system of equitable jurisprudence such a decree could be rendered against any one not made a party to the suit, and who had in no manner appeared in the case; and it is almost incredible that in any Federal court of this Union, except the Court of Claims, a moneyed judgment could be rendered against the United States.
 

 The contrary has been so repeatedly decided that it is a waste of time to reargue the proposition, which will be found fully asserted in the recent cases of
 
 De Groot
 
 v.
 
 United
 
 States,
 
 *
 

 United States
 
 v.
 
 Eckford,
 

 †
 

 The Siren,
 

 ‡
 

 and
 
 The Davis.
 

 §
 

 In the case of
 
 United States
 
 v.
 
 Eckford
 
 it was held that, although in a suit in which the United States was plaintiff, a set-off could be pleaded and allowed, yet no judgment could be rendered for a balance found to be due to the defendant by the verdict of the jury, either in the Circuit Court, where the case was tried, or in the Court of Claims, where suit had been brought on the verdict. It is true, that in the two last cases cited above it was held that in a case in admiralty, where the
 
 res
 
 was rightfully before the court, and was taken into possession by its officer without the necessity of suit or process against the United States, it could be subjected to certain maritime liens, though the ownership was in the government. But in these cases the government came into court of its own volition to assert its claim to the property,
 
 *202
 
 and could only do so on condition of recognizing the superior rights of others.
 

 We are quite at a loss to know on what principle the jurisdiction in the present case is asserted, for the briefs for the'appellees are devoted wholly to the merits of the controversy. But we must suppose that it is claimed on the ground that the receiver and comptroller, both of whom appeared and answered the bill, represent the United States, and can subject the government to the jurisdiction of the court.
 

 As to the receiver, the claim, if any such be made, is not worth serious 'consideration. He represents the bank, its stockholders, its creditors, and does not in any sense represent the government.
 

 Nor can such authority be conceded to the Comptroller of the Currency. It may very well admit of doubt whether it ■is within his competency to submit himself, in the exercise of duties specially confided to him by acts of Congress, to the control of the courts, and especially of those which can assert no such jurisdiction by reason of their territorial limits. We are not called upon here to decide this question. ¡But’we have no hesitation in holding that however he may submit himself to the jurisdiction of those courts, and consent to be governed in his official action by their decrees, so far as they affect rights of parties who may come into court and be impleaded in the same suit, he has no authority to subject the United States to such jurisdiction, and to submit the rights of the government to litigation in hny court, without some provision of law authorizing him to do so.
 

 There is no analogy in the case before us to suits against officers of the customs or of the internal revenue to recover for illegal assessments or collections of taxes or duties, for they are suits against the officer for a tort or for money had and'received, and when a judgment is rendered against him the government protects him by paying it, because the money was received for its use. But this is by virtue of atatute, and the mode of proceeding is pointed out and well defined, and the remedy is limited to cases where the mode is strictly pursued.
 

 
 *203
 
 Ill the answer filed for the comptroller in this case he says, or is made to say (for it is neither signed nor sworn to by him), that he “submits, ou behalf of the United States, to the decision of the court the claims of the United States to priority of payment over the alleged claims of the creditors of said bank that are not disputed.”
 

 We have already said that the comptroller has no power to subject the United States to such jurisdiction.
 

 But he here seems only-to submit the question of the government’s claim to priority of payment, while the court not only decides against this priority, but renders a further decree requiring repayment of money had and received from the bank, and tlm payment of money which the United States is supposed to have assumed to pay in a contract with private parties not -before the court. If the government is liable to the bank or its receiver or its creditors, for either of these claims, it would seem that it would be, in the first case, on an implied contract for money had and received, and in the second, on the express contract to pay as alleged. When such liability is denied, or payment is refused, the Court of Claims has jurisdiction, and no other court has. The United States cannot be subjected to litigation growing out of its relations to these banks in all the various courts in which their affairs may be the subject of judicial controversy.
 

 But it is useless to pursue the matter further. The only substantial relief asked by the bill, or granted by the decree, is against the United States. The manifest purpose of the proceeding was to subject the government to a tribunal which could rightfully exercise no jurisdiction id the premises. It was no party to the suit, nor did any party represent its interests who had authority to bind it.
 

 Decree reversed, with directions to the court below to
 

 Dismiss the bill.
 

 *
 

 5 Wallace, 419.
 

 †
 

 6 Id. 484.
 

 ‡
 

 7 Id. 152.
 

 §
 

 10 Id. 15.