MARINE, Collector, v. LYON et al.

(Circuit Court of Appeals, Fourth Circuit. May 22, 1894.)

No. 70.

**1. APPEALS—TIME OF TAKING—CUSTOMS DUTIES CASES.**

The provision of the act of June 10, 1890, requiring appeals in customs cases to be filed within 30 days from the date of the decision, applies only to appeals from the board of appraisers and to the rulings of the circuit court thereon. It does not apply to a decree of the circuit court upon a question of costs and interest made after a reversal of a former decree in the circuit court of appeals and a remand of the cause. An appeal from such a decree is governed by the general rule.

**2. COSTS—WHEN RECOVERABLE AGAINST THE UNITED STATES.**

Costs do not go, as a matter of common right, with a judgment against the government; and a party suing the United States cannot recover costs unless he shows by the act under which he sues that the United States has consented to pay costs.

**3. SAME—CUSTOMS DUTIES CASES.**

In cases appealed from the board of general appraisers, under the act of June 10, 1890, neither the costs of the circuit court, nor the costs of a subsequent appeal to the circuit court of appeals, are recoverable against the United States.

**4. INTEREST IN CUSTOMS DUTIES CASES.**

In cases appealed from the board of general appraisers, under the act of June 10, 1890, interest is not allowable in favor of the importer, for the suit is practically one against the United States. U. S. v. Sherman, 98 U. S. 567, followed.

Appeal from the Circuit Court of the United States for the District of Maryland.

This is an appeal from a decree of the circuit court of the United States for the district of Maryland dismissing the petition of the United States that the judgment in the principal cause be reformed so as to exclude interest and costs. Lyon, Hall & Co., importers, having been dissatisfied with the rulings of the collector of the port of Baltimore, appealed from him to the board of general appraisers, under the provisions of the act to simplify the laws in relation to the collection of taxes, approved 10th June, 1890 (26 Stat. 131). The board reversed the ruling of the collector, and thereupon, under the fifteenth section of the act, application was made to the circuit court of the United States for the district of Maryland for a review of the questions of law and fact involved in their decision. The court affirmed the ruling of the board of general appraisers, but, on appeal to this court, the decree of the circuit court was reversed. 5 C. C. A. 359, 55 Fed. 964. No provision was made in the body of the mandate of this court as to the costs of appeal. This was explained by a footnote of the clerk, stating: "No costs. See section 4, rule 31." 1 C. C. A. xxiii., 47 Fed. xiv. This rule provides that no costs shall be allowed in this court for or against the United States; and it also provides that, when costs are allowed in this court, it is the duty of the clerk to insert the amount thereof in the body of the mandate or other proper process sent to the court below, and annex to the same the bill of items taxed in detail. When the mandate reached the court below, that court, on 28th June, 1893, entered an order following the mandate, in so far as it reversed the former decision, and then proceeded as follows: "And it is further ordered, adjudged, and decreed that the appellants, Lyon, Hall & Co., have judgment against the appellee, William M. Marine, collector of the port of Baltimore, in the sum of three hundred and sixty-six dollars and twenty-four cents, paid in excess of proper legal duties upon said importation, together with their costs expended in this behalf, to be taxed by the clerk, and interest thereon from October 26, 1891, until paid. The judgment entry is for $366.24, interest from October 26, 1891. The costs are taxed as follows:

Plaintiffs' costs in circuit court paid by them.................. $ 67 46
Plaintiffs' costs in U. S. circuit court of appeals paid by them... 104 95

$172 41"

It was stated in argument that the costs taxed as of this court were obtained by a memorandum of the plaintiff showing the costs he had paid. There was no taxation by the clerk of this court. Thereupon the petition on the part of the United States was filed, praying the reformation of the judgment in the items of interest and costs. This petition was refused.

John T. Ensor, U. S. Atty. for Maryland, and John S. Ensor, for appellant.

John F. Preston, for appellees.

Before GOFF and SIMONTON, Circuit Judges, and JACKSON, District Judge.

SIMONTON, Circuit Judge (after stating the facts). In their brief the appellees contended that this appeal will not lie. The decree appealed from was filed October 5, 1893. The petition for appeal and the assignments of error were filed 27th December, 1893. The appellees insist that, under the fifteenth section of the act of 1890, the appeal on behalf of the United States must be filed within 30 days from the rendition of the decision by the circuit court. No notice was given of a motion to dismiss the appeal. It would seem from the language of subdivision 3, rule 21, of this court (1 C. C. A. xix., 47 Fed. x.) that some such notice was necessary. Without, however, deciding this point, the appellee can take nothing by this motion. The limitation of time to the United States provided in section 15 of the act applies only to appeals from the action of the board of general appraisers and of the rulings of the circuit court thereon. This case comes before us on the dismissal of a petition of the United States in the matter of interest and costs on a judgment, and is governed by the general law of appeals.

The question is, is the United States liable for interest and costs in cases arising under the fifteenth section of the act of 1890, entitled "An act to simplify the laws in relation to the collection of the revenues?" It would seem that, so far as the costs of this court are concerned, in this case, the United States is not liable for costs. The rule forbids it; and the mandate does not allow costs. But we will not rest the case on this ground. The rule is that the United States is not liable for costs, and a judgment against it for costs will be reversed. U. S. v. Boyd, 5 How. 29; U. S. v. McLemore, 4 How. 286; The Antelope, 12 Wheat. 546. As the United States is not suable of common right, the party who institutes a suit against it must bring his case within some act of congress authorizing the suit or the court cannot exercise jurisdiction. U. S. v. Clarke, 8 Pet. 436. So, when a party brings suit against the United States, he must not only show permission to sue, but his suit must be brought subject to such conditions as the act imposes. As costs are not a matter of right, and are not recoverable as an incident to the judgment, but depend on statutory provisions, if he desires costs in case of success he must show by the act under which he sues that the United States has consented to pay costs if defeated. There is no room for inference, and, if the terms of the statute are not ambiguous, there can be no reasoning from analogy. The sovereign may, in certain cases and under certain circumstances, allow suit to be

brought, and at the same time may submit to costs; but, as the privilege of bringing suit against the sovereign is a special privilege, —the waiver of a right,—so the right to recover costs is a special provision, confined to the special case. The act is the law of the case, and in that act we must find as well the right to recover costs in the suit as the right to sue, else such right does not exist.

The action in the main case was brought under the act of 1890. That act is the only authority for such a suit. Nowhere does the act make any provision for the payment of costs by the United States. The silence of the act on this subject is significant. Its manifest purpose is to bring together in one act all acts relating to the collection of revenue. Its title embraces all laws in relation to revenue, and declares an intent to simplify them. It repeals 31 sections of the Revised Statutes and 2 acts of congress on this subject, and all acts and parts of acts inconsistent with its provisions. Among the sections of the Revised Statutes is section 3011. That section, as originally prepared, provided a mode of relief from payment of excessive dues. It made no provision as to interest and costs in case of recovery by the importer. It was amended by an act approved 1st February, 1888 (25 Stat. 6), wherein provision was made for payment of costs of suit, and interest at the rate of 3 per cent. per annum, on all judgments obtained for overpayment of duties. The act of 1890, legislating on this same subject, and providing a substitute for the proceeding allowed in that section, and for a suit and appeal thereon, repeals the section, but says nothing whatever as to interest and costs. It is impossible to escape the conclusion that congress either did not intend that the United States should pay costs in the cases provided for, or that it omitted to insert such intention, and that this omission defeats the claim for costs. One sentence in the fifteenth section of the act of 1890 has been pressed on our attention, as indicating an intent that costs shall be paid "on such original application, and, on any such appeal, security for damages and costs shall be given as in case of other appeals in cases in which the United States is a party." The reference here is to sections 1000 and 1001 of the Revised Statutes. These provide that in all cases in which the United States is appellee, the other party must give bond and security for costs, but that in no case shall such bond and security be required from the United States; and only in cases in which "such costs are taxable by law against the United States" is any provision made for the payment of them out of the contingent fund of the department. As we have seen, there is no provision by this act of 1890 for costs taxable against the United States. It is contended, however, that this is an action against William M. Marine, collector, and that the incident of costs follows the judgment. Originally this was the case. Elliott v. Swartwout, 10 Pet. 137; but, congress having required the collector to pay all moneys received by him into the treasury of the United States, this defeated the common-law right of action against the collector (Cary v. Curtis, 3 How. 236); and, although the legislation of congress has been somewhat contradictory on this subject, none of it restored the common-law right of

action against the collector. The legislation created a statutory right of action, governed exclusively by the provisions of the statutes of the United States. Arnson v. Murphy, 109 U. S. 238, 3 Sup. Ct. 184. In other words, notwithstanding that the name of the collector was used, the real purpose of the proceeding was to get money out of the treasury of the United States, and the United States was the real and only party in interest, the suit being governed wholly by the provisions of the statutes of the United States. This brings us precisely to the conclusion we have reached.

With regard to interest, we think that this case is controlled by the case of U. S. v. Sherman, 98 U. S. 567, quoted and affirmed in the case of U. S. v. North Carolina, 136 U. S. 217, 10 Sup. Ct. 920. The court say:

"When the certificate is given, the claim of the plaintiff in the suit is practically converted into a claim against the government, but not until then. Before that time the government is under no obligations, and the secretary of the treasury is not at liberty to pay. When the obligation arises, it is an obligation to pay the amount recovered; that is, the amount for which judgment has been given. The act of congress says not a word about interest. Judgments, it is true, are by the law of South Carolina, as well as by federal legislation, declared to bear interest. Such legislation, however, has no application to the government, and the interest is no part of the amount recovered. It accrues only after recovery has been had. Moreover, whenever interest is allowed either by statute or at common law, except in cases in which there is a contract to pay interest, it is allowed for the delay or default of the debtor. But delay or default cannot be attributed to the government. It is presumed to be always ready to pay what it owes."

The decree of the circuit court is reversed, without cost to either party. Let the case be remanded to the circuit court, with instruction to enter judgment for the appellee in the sum of $366.24, without interest or costs.