## SHELDON et al. v. WABASH R. CO. et al.

(Circuit Court, N. D. Illinois, N. D. July 6, 1900.)

No. 25,465.

1. CARRIERS—POWER OF STATE TO REGULATE RATES—INTERSTATE TRAFFIC.
A state has no power by statute to regulate rates upon traffic between different states.

2. SAME—RIGHTS CREATED BY INTERSTATE COMMERCE LAW.
There is not, and has never been, any jurisdiction at common law over commerce between the states, and the interstate commerce act creates

rights and remedies not existing at common law, and which the federal government had sole power to create.

**3.** Courts—Jurisdiction—Action under Interstate Commerce Law.

The jurisdiction of the federal courts over causes arising under the interstate commerce act is exclusive, and no action can be maintained thereon in a state court.

**4.** Same—Jurisdictional Questions.

The question of want of jurisdiction is always open for determination, even though there may be in the case prior rulings of the same or another judge sustaining the jurisdiction.

**5.** Removal of Causes—Want of Jurisdiction in State Court.

A state court having no jurisdiction of an action to enforce rights given solely by the interstate commerce law, a federal court acquires no jurisdiction of such action by its removal.

On Demurrer for Want of Jurisdiction.

Defrees, Brace & Ritter, for complainants.

Shope, Mathis & Barrett and Ullman & Hacker, for defendants.

KOHLSAAT, District Judge. This is a suit commenced in the state court, and removed by defendants to this court, in which complainants seek a mandatory injunction compelling defendants to cease the enforcement of certain alleged unjust discriminations against complainants in the matter of rates of freight on car-load shipments between New York and Chicago. The sole question presented by counsel on the argument of the demurrers herein is that of the jurisdiction of the state court to entertain this proceeding. From the briefs and arguments of counsel I am of the opinion that the following propositions of law are sustained by the authorities, and are controlling in the decision of this question:

1. That the statutes of Illinois relied upon in the bill are void so far as they attempt to regulate rates upon traffic between different states.

2. That there is not now, and never has been, any jurisdiction at common law over commerce between the states.

3. That the interstate commerce act creates rights and remedies not existing at common law, and constitutes legislation solely within the power of the federal government.

4. That the jurisdiction of the federal courts over causes arising under the interstate commerce act is exclusive, and no action can be maintained in the state courts thereon.

5. That the question of lack of jurisdiction presented here is always open for determination, even though there may be in the case prior rulings of the same or another judge sustaining the jurisdiction.

The bill will therefore be dismissed for want of jurisdiction in the state court to entertain it.