## BOWKER v. UNITED STATES.

(District Court, D. New Jersey. December 17, 1900.)

UNITED STATES—ACTIONS AGAINST—JURISDICTION TO ENTERTAIN CROSS LIBEL IN ADMIRALTY.

In a suit in admiralty instituted by the United States to recover damages for injury to a government vessel by collision, the court cannot entertain a cross libel alleging the fault of such vessel, and praying a decree against the United States for damages.

In Admiralty. On motion to quash citation on cross libel in suit by the United States for collision.

Convers & Kirlin and Carver & Blodgett, for claimants.
David O. Watkins, U. S. Atty.

KIRKPATRICK, District Judge. On the 2d day of October, 1899, the three-masted schooner William H. Davenport and the steamer Azales collided in Long Island Sound, off the Cornfield Point lightship. Subsequently, the United States of America, the owner of the Azales, caused a libel to be filed against the William H. Davenport for damages sustained by the Azales in said collision; and now comes F. S. Bowker, the managing owner of the William H. Davenport, with a cross libel, alleging that the Azales was at fault, and praying that citation issue against the United States of America, requiring them to appear and answer; that the court shall pronounce for damages against the United States, and grant a stay of all further proceedings in the said action brought against the said William H. Davenport until security be given by the United States under the rules of the supreme court. There was a formal issuance of the citation, which was served upon the United States district attorney for this district, who immediately gave the following notice:

"Notice is hereby given that I shall move before said court to quash the citation served upon me as United States attorney in this cause upon the ground that no citation can issue against the United States in this matter, and also that the service of the citation upon me as United States attorney for the district of New Jersey is without warrant of law."

It is conceded that the United States cannot be lawfully sued without its consent in any case, but it is insisted that, when the government voluntarily comes into court for the enforcement of a claim, it subjects itself to the rules regulating the practice of the court. Admiralty rule No. 53, which is especially relied on in this case, provides that:

"Whenever a cross libel is filed upon any counter claim arising out of the original cause of action for which the original libel was filed, the respondent

in the cross libel shall give security in the usual amount and form to respond in damages as claimed in the cross bill unless the court on cause shown shall otherwise direct."

The sole object of the rule is to protect the rights of the cross libelant by compelling the respondent (the libelant in the original action) to give security for any damages which may be awarded against him. I have no doubt that the suit instituted by the government must proceed in accordance with the rules regulating the practice of the court, nor that this court has the power to make all proper and necessary orders and decrees therein by which the government must abide. If the cross libel were properly filed, and the citation legally served, so that the respondent was in court in that suit, the court might, in its discretion, require the respondent to give security under rule No. 53. The rule confers no authority to file the cross libel, and counsel distinctly disclaims any intention to ask the security for which it alone provides. Can the cross libel be maintained? I think not. This is not a case analogous to The Siren, 7 Wall. 152, 19 L. Ed. 129, where the court was in possession of the res through voluntary action of the government; nor to The Nuestra Senora de Regla, 108 U. S. 92, 2 Sup. Ct. 287, 27 L. Ed. 662, where the vessel was seized by the United States, and afterwards libeled by it as a prize of war, and in which damages were awarded against the United States because of wrongful seizure. The award was sustained in the supreme court because, to use the language of Chief Justice Waite, who delivered the opinion of the court:

"We cannot but think that the United States have voluntarily submitted themselves to the court at the instance of the Spanish government and the consent of the claimant for the purpose of having the question of damages growing out of the capture judicially settled according to the rules applicable to private persons in like cases."

The submission in this case was made by the chief executive of the government, and the court, considering the question of his right, hesitated to affirm it on general principles, and only did so under the special circumstances of the case. The rule is well settled that the consent which alone enables an independent suit to be brought against the government or its property must be given by the legislative body, and without the authority of congress the government's right of exemption cannot be waived by any of its officers. Case v. Werrell, 11 Wall. 202, 20 L. Ed. 134; Carr v. U. S., 98 U. S. 433, 438, 25 L. Ed. 209; U. S. v. Lee, 106 U. S. 196, 205, 1 Sup. Ct. 240, 27 L. Ed. 171. In the case at bar, not only has the government not submitted itself to the jurisdiction of the court, but the prayer of the libelant is that the court award process against the United States compelling them to appear and answer the complaint made against them. There is no law authorizing the service of this writ upon the United States district attorney, and such service must be set aside. The desirability of having determined at one and the same time all the questions of liability for the collision which is the subject-matter of the original libel has been urged on the court as a reason why it should obtain or retain jurisdiction of the whole case. In Schil-

linger v. U. S., 155 U. S. 166, 15 Sup. Ct. 85, 39 L. Ed. 108, Mr. Justice Brewer, speaking for the court, after reciting that the United States cannot be sued without their consent, says:

"Beyond the letter of such consent the courts may not go, no matter how beneficial they may deem, or in fact might be, their possession of a larger jurisdiction over the liabilities of the government."

In my opinion, the cross libel cannot be maintained