BUCKLEY v. UNITED STATES et al.

(District Court, E. D. Washington, N. D. April 12, 1912.)

No. 1,015.

1. UNITED STATES (§ 125*)—ACTIONS—LIABILITY TO SUIT.

The United States having recovered a judgment against complainant for timber trespass on public lands was not subject to suit in the federal courts by complainant to restrain the execution of the judgment on the ground that it had been recovered through a misunderstanding between complainant and the United States attorney.

[Ed. Note.—For other cases, see United States, Cent. Dig. §§ 133, 114; Dec. Dig. § 125.*]

2. UNITED STATES (§ 145*)—JUDGMENT—PROCESS—ACTION TO RESTRAIN—PARTIES.

Where a judgment recovered by the United States in an action at law has been entered without jurisdiction, process thereon in the hands of the marshal is void, and its invalidity may be determined in a suit to which the government is not a party.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 143; Dec. Dig. § 145.*]

3. UNITED STATES (§ 145*)—JUDGMENT—PROCESS—INJUNCTION.

Where the federal District Court had jurisdiction of the subject-matter and of the parties in the action in which a judgment was recovered in favor of the United States for timber trespass, the United States was a necessary party to a suit to enjoin the enforcement of the judgment on the theory that it was entered in violation of an agreement entered into between complainant and the United States attorney.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 143; Dec. Dig. § 145.*]

4. UNITED STATES (§ 145*)—JUDGMENT—ENFORCEMENT—INJUNCTION—PARTIES.

Where a judgment was recovered by the United States for an alleged timber trespass against complainant, the clerk of the court was not a necessary nor proper party to a suit to restrain its enforcement.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 143; Dec. Dig. § 145.*]

In Equity. Suit by Richard H. Buckley against the United States of America, W. H. Hare, Clerk of the District Court for the Eastern District of Washington, and W. A. Halteman, United States Marshal, to enjoin the execution of a judgment at law. Demurrer sustained.

W. B. Presby, for complainant.

Oscar Cain, U. S. Atty., and E. C. Macdonald, Asst. U. S. Atty., for defendants.

RUDKIN, District Judge. This is a bill in equity to enjoin the execution of a judgment at law. It appears from the bill of complaint that an action was commenced in the District Court of the United States for the Eastern District of Washington, Southern Division, on the 20th day of October, 1900, by the United States of America, as plaintiff, against Simeon L. Warren, John G. Flickinger, David S. Sprinkle, and the complainant herein, as defendants, to recover the sum of $22,344 for cutting and removing timber from certain public lands of the United States. Process was personally served on the com-

plainant on the 25th day of October, 1900, as well as on the defendants Warren and Sprinkle. On the 11th day of June, 1900, the grand jury returned an indictment in the same court against the same defendants for the unlawful cutting of timber, presumably on the same public lands. These two actions were pending on the 8th day of November, 1900, when the complainant entered into negotiations with the United States attorney for a settlement or compromise of the claims against him. According to the complainant's understanding of this settlement, it was agreed that upon his paying into court the sum of $600 all further proceedings against him would be discontinued. This payment was made and the complainant returned to his home in Klickitat county. The sum thus paid was credited as a fine imposed in the criminal case, and thereafter, on the 11th day of May, 1901, judgment was taken against the complainant by default in the civil action for the full amount claimed, together with costs and disbursements. Of this judgment the complainant had no notice until the 17th day of January, 1911, when the United States marshal confronted him with a writ of execution issued upon the judgment. The bill alleges that the complainant has a good and meritorious defense to the action, and sets forth sufficient grounds for equitable relief, if the suit is one within the jurisdiction of this court. As appears from the title, the suit is prosecuted against the United States, the clerk, and the marshal.

To this bill the defendants have interposed a demurrer on the ground that the court has no jurisdiction, and on the further ground that the bill does not state facts sufficient to entitle the complainant to the relief prayed for, or to any relief whatever. For reasons already stated, I will only consider the jurisdictional questions thus presented. The jurisdiction of the court is attacked on two gounds: First, because the suit was instituted in the District Court, which had no general equity jurisdiction at the time the suit was instituted; and, second, because the suit is prosecuted against the United States without authority of law. Since the abolition of the Circuit Court the first question thus presented is one of minor importance. The District Court is now possessed of all jurisdiction heretofore vested in both courts; and, in view of this fact, it may be that the court would retain jurisdiction at this time, even if it had no jurisdiction at the time the suit was commenced. Upon this question, however, I express no opinion.

[1] In so far as the United States is concerned, it seems manifest that the court is without jurisdiction. In the case of The Siren, 7 Wall. 152, 19 L. Ed. 129, Mr. Justice Field said:

"It is a familiar doctrine of the common law that the sovereign cannot be sued in his own courts without his consent. The doctrine rests upon reasons of public policy; the inconvenience and danger which would follow from any different rule. It is obvious that the public service would be hindered, and the public safety endangered, if the supreme authority could be subjected to suit at the instance of every citizen, and consequently controlled in the use and disposition of the means required for the proper administration of the government. The exemption from direct suit is, therefore, without exception. This doctrine of the common law is equally applicable to the supreme authority of the nation, the United States. They cannot be subjected to legal proceedings, at law or in equity, without their consent; and whoever

institutes such proceedings must bring his case within the authority of some act of Congress. Such is the language of this court in United States v. Clarke, 8 Pet. 444 [8 L. Ed. 1001]. The same exemption from judicial process extends to the property of the United States, and for the same reasons. As justly observed by the learned judge who tried this case, there is no distinction between suits against the government directly, and suits against its property."

After quoting this language with approval in Belknap v. Schild, 161 U. S. 10, 17, 16 Sup. Ct. 443, 445 (40 L. Ed. 599), the court said:

"It necessarily follows that, unless expressly permitted by act of Congress, no injunction can be granted against the United States."

The United States, by successive acts of Congress have consented to be sued upon their contracts either in the Court of Claims or in a Circuit or District Court of the United States. Act Feb. 24, 1855, c. 122, 10 Stat. 612; Act March 3, 1863, c. 92, 12 Stat. 765; Act March 3, 1887, c. 359, 24 Stat. 505 (U. S. Comp. St. 1901, p. 752). But I know of no act of Congress authorizing a suit of this kind against the government. On the contrary, in United States v. McLemore, 4 How. 286, 11 L. Ed. 977, a judgment of the Circuit Court enjoining the United States from proceeding upon a judgment was reversed and the bill dismissed for want of jurisdiction. In Hill v. United States et al., 9 How. 386, 13 L. Ed. 185, a similar ruling was made. In Kirk v. United States (C. C.) 131 Fed. 331, a suit was brought against the United States and the United States marshal to enjoin the execution of a judgment, but as to the United States the bill was dismissed, with costs, for want of jurisdiction. It therefore follows that as to the government the bill of complaint in this case must be dismissed with costs, and it is so ordered.

[2] The same result must follow as to the other defendants, but for different reasons. If the judgment in the action at law had been entered without jurisdiction, the process in the hands of the marshal would be void, and its invalidity could be determined in the absence of the government as a party, as in Kirk v. United States, supra. But no such case is presented here.

[3] The District Court had jurisdiction of the subject-matter of the action and of the complainant, its judgment is in all respects valid, and so is the process in the hands of the marshal. The utmost that can be claimed on the part of the complainant is that the judgment was entered in violation of an agreement entered into between himself and the United States attorney, or through an excusable misunderstanding of that agreement on his part. Whatever view is taken, the judgment is valid, and the government is a necessary and indispensable party to any proceeding to obtain relief against it. Such questions cannot be determined in a suit against the ministerial officers. In Case v. Terrill, 11 Wall. 199, 20 L. Ed. 134, a suit in equity was instituted against the Comptroller of the Currency and others, to which the United States was not a party, and in speaking of the authority of that officer the court said:

"It may very well admit of doubt whether it is within his competency to submit himself, in the exercise of duties specially confided to him by acts of Congress, to the control of the courts, and especially of those which can as-

sert no such jurisdiction by reason of their territorial limits. We are not called upon here to decide this question. But we have no hesitation in holding that however he may submit himself to the jurisdiction of those courts, and consent to be governed in his official action by their decrees, so far as they affect rights of parties who may come into court and be impleaded in the same suit, he has no authority to subject the United States to such jurisdiction, and to submit the rights of the government to litigation in any court, without some provision of law authorizing him so to do."

See, also, Belknap v. Schild, supra; International Postal Supply Co. v. Bruce, 194 U. S. 601, 24 Sup. Ct. 820, 48 L. Ed. 1134; Dashiell v. Grosvenor, 66 Fed. 334, 13 C. C. A. 593, 27 L. R. A. 67.

[4] Manifestly the clerk is neither a necessary nor a proper party to a suit of this kind, and as to him the bill does not state facts sufficient to entitle the complainant to relief. I am not unmindful of the fact that the case has only been submitted upon the jurisdictional questions, but, after the government has been dismissed as a party, the conclusion that the complainant is not entitled to relief as against the other defendants is so manifest that the demurrer will be sustained as to all parties.

If the complainant desires to be heard further on the question of his right to relief against the marshal, a petition for a rehearing will be entertained by the court for that purpose at any time before final decree; and to that end the final decree will not be entered for a period of 30 days.