## FAJARDO SUGAR COMPANY

*v.*

## ALLAN H. RICHARDSON.

San Juan, Law, No. 818.

RECOVERY BACK OF TAXES.

A Motion to Dismiss.
    1. A motion to dismiss after prior pleadings must be filed by consent of court; but this will be granted in order to reach the merits.

NOTE.—On the question when action against officers is deemed to be action against the state, see notes in 1 L.R.A.(N.S.) 727 and 44 L.R.A. (N.S.) 189.

Fajardo Sugar Co. v. Richardson.

Submission to Jurisdiction—Sovereignty.

2. Where the defendant properly appears and files an answer, the question of jurisdiction of the person is waived.

Jurisdiction.

3. The question of jurisdiction can be raised at any time.

Jurisdiction—Suing Porto Rico.

4. An incorporated territory of the United States cannot be sued without its consent; and Porto Rico is, so far as regards suits, a territory.

Suit against Sovereignty—Officers.

5. A suit to compel an official to carry out his duties under a statute is not a suit against a sovereign.

Sovereign—Waiver.

6. A sovereign can waive its nonliability to suit, and can, by clear enactment, limit suits against it to its own courts.

Judgment—Enforcement.

7. It is not necessary to a judgment that it fix the method of its enforcement.

Statute—Presumption.

8. In a doubtful case a construction of a statute which deprives Americans and foreigners of rights given to local residents of Porto Rico will not be preferred.

Opinion filed June 26, 1913.

———————

*Messrs. Armstrong & Keith, Ethan W. Judd,* and *Chas. Hartzell* for plaintiff.

*Mr. Daniel Day Walton, Jr.,* Acting Attorney General, for defendant.

HAMILTON, Judge, delivered the following opinion:

This suit relates to taxes assessed for the years 1911 and

VI. Porto Rico—15.

Fajardo Sugar Co. v. Richardson.

1912 on personal property of the plaintiff, and paid by the plaintiff under protest. The bill was filed to recover back this payment by proceedings provided by the laws of Porto Rico, and to the bill the defendant filed answers. Afterwards defendant moved to dismiss the complaint upon the ground of lack of jurisdiction, and this motion was denied by my predecessor on August 6, 1912. Subsequently, the Supreme Court of the United States reversed the decision of Rosaly v. People, originally decided by the Supreme Court of Porto Rico in 16 P. R. R. 481. The purport of the decision of the United States Supreme Court was that the People of Porto Rico could not be sued without their consent. Porto Rico v. Rosaly y Castillo, 227 U. S. 270, 57 L. ed. 507, 33 Sup. Ct. Rep. 352. In consequence of this decision, the defendant refiled his motion to dismiss for lack of jurisdiction, and thereupon the plaintiff filed a counter motion to strike the defendant's motion from the files.

1. The point is raised that the defendant's motion to dismiss for want of jurisdiction cannot be considered, because it was filed without consent of court. This is technically correct, but in order to get at the merits of the matter, the consent of the court to the filing of such motion is hereby given *nunc pro tunc.*

2. The question next arises whether the defendant has not submitted to the jurisdiction of the court by appearing and filing an answer. This would seem to be the law. A party cannot be permitted to blow hot and cold, to appear so far as it is advantageous to him, and to withdraw his general appearance when it ceases to be so. The appearance was by the treasurer of Porto Rico in his own name and by the attorney general of

Fajardo Sugar Co. v. Richardson.

Porto Rico, representing the defendant for all purposes. It would seem true, also, that if the defendant was ever in court, as cannot be disputed, he is now, while making his present motion. It is true there are cases holding that an official cannot waive the rights of a state by appearing in a suit, but this is not one of such cases. Adams v. Bradley, 5 Sawy. 217, Fed. Cas. No. 48; Case v. Terrell, 11 Wall. 199, 202, 20 L. ed. 134, 135; United States v. Lee, 106 U. S. 196, 205, 27 L. ed. 171, 176, 1 Sup. Ct. Rep. 240.

3. There is no doubt that the question of jurisdiction can be raised at any time, and even in the same case after it has once been passed on. Sheldon v. Wabash R. Co. 105 Fed. 785; First Nat. Bank v. Chicago Title & T. Co. 198 U. S. 280, 49 L. ed. 1051, 25 Sup. Ct. Rep. 693.

4. The point of jurisdiction sought to be raised by the motion to dismiss is that, under the case of Porto Rico v. Rosaly y Castillo, 227 U. S. 270, 57 L. ed. 507, 33 Sup. Ct. Rep. 352, the People of Porto Rico are sovereign and cannot be sued. This is an important question, and should receive consideration.

The principle that a state cannot be sued without its consent is as old as the 1st Amendment to the Constitution, and needs no consideration. It is undisputed, however, that the People of Porto Rico do not constitute a state in any sense of the word.

The same principle has been extended by the decisions of the Supreme Court of the United States to territories, as matter of public policy. These entities, which are states in the making, have been held to have enough of the attributes of sovereignty to make it improper to subject them to suit; and in a case where

Fajardo Sugar Co. v. Richardson.

the People of Porto Rico were sued by name, it has been held in the Rosaly Case that they constitute *pro tanto* a territory.

The position of Porto Rico has been gradually evolved by a series of decisions. The first was the Customs Cases, Downes v. Bidwell, 182 U. S. 244, 45 L. ed. 1088, 21 Sup. Ct. Rep. 770, and others of that series. These decide that the United States can acquire territory which is not *per se* incorporated into the Union. In other words, that while the United States are an indivisible union of indestructible states for domestic purposes, they constitute, as to foreign affairs, a nation capable of holding possessions, like Great Britain or any other country. By the treaty of Paris, signed in September, 1898, and proclaimed the next year, the United States acquired Porto Rico without any obligation, as in the case of Louisiana and Florida, of incorporating it at any time into the Union of States. The Republic of Hawaii had been annexed a short time previously, on July 7, 1898, 30 Stat. at L. p. 750). An act for its government, expressly calling it, in § 2, a territory, was passed on April 30, 1900 (31 Stat. at L. p. 141, chap. 339).

It has been held that the Constitution of the United States does not *ipso facto* follow the flag, but it requires some affirmative act of the legislative branch of the government to extend the Constitution to new possessions. In the case of Hawaii this was done by § 5 of the above act. Hawaii v. Mankichi, 190 U. S. 197, 47 L. ed. 1016, 23 Sup. Ct. Rep. 787, 12 Am. Crim. Rep. 465. The organic act for the government of Porto Rico, however, passed but a few days before that of Hawaii, did not use the term "territory" in defining the status of Porto Rico. This is known as the Foraker act, of April 12, 1900 (31 Stat. at L. p. 77, chap. 191).

Fajardo Sugar Co. v. Richardson.

It is true that the Supreme Court has on more than one occasion referred to Porto Rico as, for some purposes, a territory. Gromer v. Standard Dredging Co. 224 U. S. 362, 56 L. ed. 801, 32 Sup. Ct. Rep. 499, and lately in the case of American R. Co. v. Didricksen, 227 U. S. 145, 57 L. ed. 456, 33 Sup. Ct. Rep. 224. These decisions, however, must be taken not as establishing any particular rule which was not before the court, but as limited to the facts of the particular case. Porto Rico, apart from its not being incorporated into the United States, and being, unlike technical territories, an island at a distance from the mainland of the United States, is not organized on the basis of the technical territories heretofore known. None of its higher officials are elected by the people of Porto Rico, while, on the other hand, its local courts, unlike those of territories, have no jurisdiction over Federal matters. In respect to courts, Porto Rico is more like a state than a territory. The Federal court has even greater jurisdiction than the Federal district courts in the United States proper, inasmuch as any American citizen can use it, and the jurisdictional amount is $1,000 dollars, which is less than in the United States proper. Organic Act, § 34, and subsequent amendments.

Upon the whole, Porto Rico is much more in the nature of a dependent state external to the United States, and corresponding to what are called possessions of the British Crown rather than to a technical territory of the United States.

It is probably true, however, that this makes no material difference in the rule that within its limits Porto Rico constitutes a government, and as a government is exempt from suit in its own name. The material question is to see how far this applies to the case at bar.

Fajardo Sugar Co. v. Richardson.

5. The suit at bar is not one against Porto Rico by name. The question arises, Does a suit against the treasurer constitute a suit against Porto Rico?

It is undoubtedly true that it is not necessary, in order to make a suit one against the sovereign, that the sovereign be made a party by name. A state, like any other corporation, can only act through officers, and when an affirmative suit is brought against the appropriate officers, it is just as much against the sovereign as if the sovereign had been named *eo nomine*. Fitts v. McGhee, 172 U. S. 516, 43 L. ed. 535, 19 Sup. Ct. Rep. 269; Re Ayers, 123 U. S. 443, 31 L. ed. 216, 8 Sup. Ct. Rep. 164.

A suit against officers is permissible where they are acting under a void statute of the state, because in that case there is, in the eyes of the law, no statute, and the officers can therefore be restrained. Poindexter v. Greenhow, 114 U. S. 270, 29 L. ed. 185, 5 Sup. Ct. Rep. 903, 962. In the case at bar there is no invalid statute in question. The suit is designed to compel the treasurer of Porto Rico to carry out his duties under what may be assumed to be a valid statute. It is not evident in what respect this is a suit against the People of Porto Rico.

6. There is no question that a sovereignty, whatever may be its nature, can waive its nonliability to suit. This can be done only in pursuance to a law passed by the lawmaking body, and in the case at bar there has been a law passed on the subject. This is the act of March 9, 1911, Laws of 1911, p. 124, §§ 3, 4, and 5 of which are as follows:

"Sec. 3. Be it further enacted that the party paying said revenue under protest may, at any time within thirty days after making said payment, and not longer thereafter, sue the said

Fajardo Sugar Co. v. Richardson.

treasurer for said sum, for the recovery thereof, in the court having competent jurisdiction thereto; and if it be determined that the same was wrongfully collected, as not being due from said party to the government, for any reason going to the merits of the same, the court trying the case may certify of record that the same was wrongfully paid, and ought to be refunded, and thereupon the treasurer shall repay the same, which payment shall be made in preference to other claims on the treasury. Either party to said suit shall have the right of appeal to the Supreme Court.

"Sec. 4. Be it further enacted that there shall be no other remedy in any case of the collection of revenue, or attempt to collect revenue, illegally.

"Sec. 5. Be it further enacted that no writ for the prevention of the collection of any revenue claimed, or to hinder and delay the collection of the same, shall in anywise issue, either supersedeas, prohibition, or any other writ or process whatever; but in all cases in which, for any reason, any person shall claim that the tax so collected was wrongfully or illegally collected, the remedy for said party shall be as above provided, and none other."

The question arises, therefore, as to a proper construction of the expression, "a court of competent jurisdiction." It is argued on the one side that this must be presumed to refer only to local courts as the act must be considered as a whole, and the remedy by appeal to the Supreme Court in § 3 shows that reference is had only to the insular courts.

There seems to be no question that a sovereign can limit its consent to be sued, to its own courts; especially as to tax cases. Smith v. Reeves, 178 U. S. 436, 445, 44 L. ed. 1140, 1145, 20

Sup. Ct. Rep. 919; Beers v. Arkansas, 20 How. 527, 529, 15 L. ed. 991, 992. It has even been held that consent to be sued in a local court does not carry with it the consent to have the same suit brought in a Federal court. Murray v. Wilson Distilling Co. 213 U. S. 151, 172, 53 L. ed. 742, 752, 29 Sup. Ct. Rep. 458.

Such a limitation, however, must clearly appear. This court is not going to force a construction of a statute in order to deprive itself of jurisdiction. In the Reeves Case it was expressed that the suit should be brought in a state court in Sacramento County, which necessarily excluded any other court. In the case at bar, however, the suit is to be brought in any court of competent jurisdiction, and this court cannot assert that it is not a court of competent jurisdiction.

7. It is further urged in this regard that the procedure provided for is not a suit in any proper sense of the word, because not enforceable by a judgment, and so is not within the powers of this court. Gordon v. United States, 117 U. S. 697.

It may be questioned, however, whether the statute at bar goes so far. It directs the treasurer to keep as a separate fund the money paid under protest, and, after certificate from the proper court, "the treasurer shall repay the same, which payment shall be made in preference to other claims on the treasury." This court will not presume that the treasurer will not do his duty, and will not now discuss the question of what would be the remedy in case he did so refuse. While the proceeding is a peculiar one, it is not clear that it is not a judgment to all intents and purposes.

"In general the office of a judgment is fully performed when it declares and adjudicates the existence or nonexistence of the

Fajardo Sugar Co. v. Richardson.

liability sought to be established; it is not concerned with the means of enforcing the liability declared. Although it adjudges that the one party 'have and recover' a certain sum from the other, it is not necessary that it should command the debtor to pay the money, or authorize or direct the issue of an execution, or that it should be served upon any party to the cause after it is entered or filed. . . .

"No judgment is final which does not determine the rights of the parties in the cause, and preclude further inquiry as to their rights in the premises. But it is not essential, for a judgment to be final, that it should settle all the rights existing between the parties to the suit; all that is required is that it should determine the issues involved in the action; and the judgment is none the less final because some future orders of the court may become necessary to carry it into effect." 23 Cyc. 669; 1 Black, Judgm. § 43.

8. Upon the whole, therefore, it does not appear that the motion to dismiss for want of jurisdiction should prevail. Any other construction of the act than the one above expressed would remove from American citizens and foreigners the protection of Federal courts, and leave them at the discretion of the insular authorities. It is not to be presumed that the insular authorities would do injustice, but it is also true that the object of a Federal court is to afford all constitutional protection to American citizens and to foreigners having financial interests in the locality in question, whether it be an organized state of the Union, or an insular possession like Porto Rico. The conclusion arrived at, therefore, seems to be supported by sound public policy, and also by the fact that if a suit was brought in the local courts under this act, which affected an American

citizen or a foreigner, it could on motion be removed to the Federal court. Entertaining jurisdiction in the first instance merely prevents this circuity of action.

The motion to dismiss the complaint for lack of jurisdiction is therefore denied, and that to strike that motion from the files is also denied because unnecessary in the view taken by the court.