**WOLF, Plaintiff-Appellant, v. OHIO STATE UNIVERSITY HOSPITAL, OHIO STATE UNIVERSITY, and THE BOARD OF TRUSTEES OF THE OHIO STATE UNIVERSITY, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 5969.  Decided November 25, 1958.

Reeves & Herron, Robert L. Reeves, of Counsel, Lowman, Patterson Pfefferle & Dunn, Columbus, for plaintiff-appellant.

William Saxbe, Atty. Genl., C. V. Thomas, Asst. Atty. Genl., Columbus, for defendants-appellees.

(HORNBECK, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By PETREE, PJ.

This is a law appeal from a judgment of the Court of Common Pleas upon the following assignment of error:

"The Court erred to the prejudice of plaintiff-appellant in sustaining the demurrer of defendants-appellees to the plaintiff-appellant's Petition and in rendering final judgment in favor of defendants-appellees."

In her brief plaintiff, appellant herein, raises two questions:

"1. Does the petition basically state facts which give rise to a cause of action in tort.

"2. Can the Board of Trustees of Ohio State University be sued in tort for a wrong done to the plaintiff by employees of Ohio State University hired by the Board and under its control."

If the second question is answered in the negative, then the Court of Common Pleas was correct in sustaining the demurrer filed by the defendants, appellees herein, and in rendering judgment for said appellees.

It is unnecessary to go into the question of liability or nonliability of hospitals operated as charitable institutions or institutions not for profit, which is discussed in **Avellone v. St. John's Hospital, 165 Oh St 467,** for the simple reason that the Ohio State University Hospital is operated by the Board of Trustees of The Ohio State University, and said board is an arm of the sovereign, the state, and the latter has neither authorized, or permitted, by any law, its agents to be sued for tort to either person or property.

This view is sustained by the holding in **Board v. Volk, 72 Oh St 469,** in Paragraphs 1 and 2 of the syllabus, and in the opinion, beginning at Paragraph 2 on Page 485, which reads as follows:

"It is not the private property of the board, but it is authorized to hold it for the state for the promotion and advancement of the education of the youth of the commonwealth, and its control is limited according to the will of the sovereign power. The board is a mere instrumentality of the state to accomplish its purpose in establishing and carrying forward a system of common schools throughout the state. As heretofore stated, these boards are but arms of the sovereign, the state, and the latter has neither authorized nor permitted, by any law, its agents to be sued for tort to either person or property.

"As the citizen cannot sue the state without its consent, expressed

by legislation, its agents, the boards of education cannot be sued and made liable for damages without consent of the sovereign, expressed by pertinent legislation. Such legislation exists as to contracts made within the scope defined, but it does not extend to official misconduct, negligence or want of care.

"Therefore the words 'owner' and 'possessor' must be understood and construed with reference to this doctrine, for the board of education, is the 'possessor' in the same sense, that it is or may be the 'owner.' This being true, section 2676, supra, does not apply to boards of education and the property committed to their care.

"If it be said that in the light of the foregoing, the injured party has no redress, we answer in the language of the authorities: 'Even the state or the general government may be guilty of individual wrongs, for, while each is sovereign, it is a corporation also, and as such capable of doing wrongful acts. The difficulty here is with the remedy, not with the right. No sovereignty is subject to suits except with its own consent. But either this consent is given by general law, or some tribunal is established with power to hear all just claims, or, if neither of these is done, the tort remains; and it is always to be presumed that the legislative authority will make the proper provision for redress when its attention is directed to the injury.' Cooley on Torts, marginal page 123; United States v. Peters, 5 Cranch, 139; Osborn v. Bank of U. S., 9 Wheat., 738; United States v. McLemore, 4 How., 286; Hill v. United States, 9 How., 386.

"In conclusion upon the subject of remedy, we do not mean it to be understood that the alleged excessive and wrongful excavation, without protecting the plaintiff's property, might not have been restrained in a proper and timely action for that purpose.

"The judgments of the lower courts are reversed, the demurrer to the amended petition sustained and that petition is dismissed."

It is our opinion that the Board of Trustees may not be sued in tort for any claimed negligence of employees of the Ohio State University Hospital, which is operated by said Board of Trustees, since there is no statute authorizing such suit. We hold that §3335.03 R. C., with reference to the power to sue and be sued, was properly strictly construed by Judge Marshall of the Court of Common Pleas and that this section does not extend the right to sue for damages arising in tort.

The Board of Trustees of The Ohio State University has been held not to be a corporation in Neil v. Board of Trustees, 31 Oh St 15, and in Thomas v. University Trustees, 195 U. S. 207. This being so, it is unnecessary for us to dwell upon the claimed liability under Avellone v. St. John's Hospital, supra.

The only remedy which the state of Ohio has seen fit to provide for persons who may be injured and have a just claim is to establish a Sundry Claims Board, to which claim may be made. The Sundry Claims Board, however, cannot be sued.

The Ohio State University Board of Trustees clearly has the authority under the statutes of Ohio to operate the Ohio State University Hospital as a part of its teaching program. An analogous situation arose

in **Long v. Trustees of Ohio State University et al., 24 Oh Ap 261,** Headnotes 1 and 2 of which are as follows:

"1. The Ohio State University may, under the powers conferred upon it by statute, establish and maintain upon its campus a store for the purpose of selling and furnishing books and other student supplies to students and professors of said University upon a cost basis.

"2. Such enterprise, being incidental to the main objects and purposes of the University, is not forbidden to the University as an agency of the state by any provision of the state Constitution."

The Supreme Court of Ohio, in the same case but styled **Long et al. v. Mack et al, 116 Oh St 738,** dismissed the petition in error for the reason that no debatable constitutional question was involved.

The trial court was correct in sustaining the demurrer and entering judgment for the appellees.

Judgment affirmed.

BRYANT and HORNBECK, JJ, concur.