**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-1060**

———————

SONIA L. HENDY,

                  Plaintiff – Appellant,

      v.

MARION N. BELLO,

                  Defendant - Appellee.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:12-cv-02289-PJM)

———————

Submitted: January 17, 2013      Decided: February 6, 2014

———————

Before DUNCAN, DAVIS, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Timothy F. Maloney, Matthew M. Bryant, JOSEPH, GREENWALD & LAAKE, P.A., Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, Neil R. White, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises out of an altercation between Postal Service employees Sonia Hendy and Marion Bello at the Westlake Post Office in Bethesda, Maryland, where they both worked. The fracas occurred on July 25, 2012, one day after Bello, Hendy's direct supervisor, issued Hendy a "Notice of No-Time Served (7) Day Suspension."

On July 26, 2012, in Maryland state court, Hendy filed a petition for a peace order restraining Bello from contacting Hendy or going to their mutual workplace. That court issued interim and temporary peace orders ex parte. The United States government, on behalf of Bello, removed the suit to federal court under 28 U.S.C. § 1442(a)(1), the federal officer removal statute, before the hearing for a final peace order. The District of Maryland then dismissed the action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the ground of sovereign immunity. Hendy appeals.

                                 I.

On appeal, Bello argues that the case is no longer justiciable because it is moot, as Hendy can no longer obtain relief for the July 25, 2012, incident under Maryland law. This argument, however, is based on a misreading of the Maryland Code of Courts & Judicial Procedure. Md. Code Ann., Cts. & Jud.

2

Proc. § 3-1503(a) states that a petitioner may file an action for a peace order for any qualifying act that "occurred within 30 days before the filing of the petition." Hendy did just that. The statute also sets a timeframe for the final peace order hearing, but notes that the proceeding may be "continued for good cause." Id. § 3-1505(b)(1)(ii). Here, the state court case was dismissed only because it was removed to federal court; if removal were improper, the statute does not bar Maryland courts from resuming jurisdiction and Hendy from obtaining a peace order. Because this case is based on Hendy's original timely petition, it does not matter that Hendy is time-barred from filing for a new peace order based on the original July 25, 2012, altercation. It is similarly immaterial that, had a peace order been granted in 2012, it would have already expired. See id. § 3-1505(f); § 3-1506(a)(2). We therefore reject Bello's assertion of mootness and turn to the merits.

## II.

Hendy challenges the propriety of removal under 28 U.S.C. § 1442(a)(1) and Mesa v. California, 489 U.S. 121 (1989). Section 1442(a)(1) allows federal officers or those "acting under" any "agency" or "officer" of the United States to remove to federal court suits brought against them in state court, when they were acting "in an official or individual capacity, for or relating to any act under color of such office." We find that

3

these requirements have been met. As a postal worker, Bello acted under an "officer" of the United States, Mesa, 489 U.S. at 125, and the dispute related to a federal workplace disciplinary action, which is "closely connected with[] the performance of [her] official functions," Jefferson Cnty. v. Acker, 527 U.S. 423, 447 (1999). We also find that Mesa's colorable federal defense requirement was met at the time the district court dismissed the action. See North Carolina v. Cisneros, 947 F.2d 1135, 1139 (4th Cir. 1991).

## III.

Next, Hendy challenges the district court's dismissal for lack of subject-matter jurisdiction. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(1). Vulcan Materials Co. v. Massiah, 645 F.3d 249, 261 (4th Cir. 2011).

The government of the United States enjoys sovereign immunity from suit unless it expressly waives such immunity. United States v. McLemore, 45 U.S. 286, 288 (1846). A suit against a government officer in her official capacity is really "a suit against the official's office," and so officers acting within their authority generally also receive sovereign immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); see also Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 687 (1949). Therefore, we must ask whether Congress has waived sovereign immunity on these facts. There

4

are two possible sources of waiver: The Federal Tort Claims Act ("FTCA"), 62 Stat. 982 (1948), codified at 28 U.S.C. §§ 1346(b), 2671-2680, and the Postal Reorganization Act of 1970 ("PRA"), Pub. L. 91-375, 84 Stat. 722, codified at 39 U.S.C. § 101 et seq. Neither is applicable here.

The FTCA waives sovereign immunity for tortious acts of federal employees working in the scope of their federal employment, including post office employees. 28 U.S.C. § 1346(b)(1); 39 U.S.C. § 409(c). However, the FTCA by its plain terms applies only to suits seeking money damages, and Hendy's does not. 28 U.S.C. § 1346(b).

On the other hand, the PRA authorizes the Postal Service "to sue and be sued in its official name." See 39 U.S.C. § 401(1). Although "sue and be sued" clauses are generally liberally construed, they are not absolute waivers of sovereign immunity. See Loeffler v. Frank, 486 U.S. 549, 554-55 (1988) (quoting Fed. Housing Administration v. Burr, 309 U.S. 242, 245 (1940)). "Sue and be sued" clauses do not waive sovereign immunity in several circumstances: (1) for types of suits that are "not consistent with the statutory or constitutional scheme"; (2) when "necessary to avoid grave interference with the performance of a governmental function"; or (3) for other reasons that demonstrate congressional intent to apply the "sue and be sued" clause narrowly. Id. The first two exceptions

5

apply here: Hendy seeks a state-law injunction that would prohibit a supervisor at the Westlake Post Office from coming to her federal workplace. It is inconsistent with the principle of federal supremacy to allow such interference with the performance of a federal employee's duties. Moreover, in prohibiting a federal employee from entering her federal workplace, waiving sovereign immunity would disturb the federal agency's internal functions. This could not have been Congress's intent.

Finally, we also note that, even if we construed the "sue and be sued" clause to waive immunity for this type of claim, "[a]n absence of immunity does not result in liability if the substantive law in question is not intended to reach the federal entity." U.S. Postal Service v. Flamingo Indus., 540 U.S. 736, 744 (2004). By its plain terms, the Maryland statutory scheme does not apply to the post office--or any other governmental or business entity. Md. Code Ann., Cts. & Jud. Proc. § 3-1501(h) (noting that a peace order may be filed against an "individual" who committed an enumerated act).

## IV.

We therefore affirm the district court's dismissal of this suit for lack of subject-matter jurisdiction on sovereign-immunity grounds.

AFFIRMED

6